125 So.2d 889 (1961)
FISH CARBURETOR CORPORATION, Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, Appellee.
No. C-103.
District Court of Appeal of Florida. First District.
January 10, 1961.
Rehearing Denied January 31, 1961.
*890 John R. Tamm and Dan R. Warren, Daytona Beach, for appellant.
Alfred A. Green and Alfred A. Green, Jr., Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
Plaintiff has appealed from a final judgment in an action at law rendered in favor of defendant pursuant to an order granting defendant's motion for summary judgment. The questioned order was rendered during the trial at the close of plaintiff's evidence. Appellant contends that the trial court was not only without authority to grant defendant's motion for summary judgment after the trial had commenced and plaintiff had *891 completed the presentation of its evidence, but that such error was compounded by the court's finding that the evidence adduced failed to establish a genuine issue of any material fact and that defendant was entitled to judgment as a matter of law.
The record reveals that in advance of the trial defendant moved for a summary judgment. Upon hearing the motion was denied with leave granted defendant to renew its motion during the trial of the cause if the same is applicable. During the trial after plaintiff had rested its case, defendant moved for a directed verdict on the ground that plaintiff had failed to sustain the material allegations of its complaint on which its right to relief depended. The court entered an order which recites that defendant's motion for directed verdict would be considered as a renewal of its motion for summary judgment and that the court found there was no genuine issue of any material fact and defendant was entitled to summary judgment as a matter of law. The jury was thereupon discharged and final judgment entered in defendant's favor.
Summary judgment proceedings are essentially pretrial in character. Their principal function is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.[1] The motion for summary judgment should be made and pressed at such a stage in the litigation that it will not delay the trial.[2] When in due course the trial is had on the merits, the trial itself becomes the best test of either party's right to judgment. Such right may then be determined only by the court upon consideration of a timely motion for directed verdict, or by the jury under proper instructions from the court as to the law of the case. This does not mean, however, that the motion may not be made after an appellate remand when the motion is consistent with the mandate of the appellate court.[3]
An excellent comparison of the office of the motion for summary judgment with that of a motion for directed verdict was made by Judge Barns in the Warring case.[4] It is there pointed out that both motions give rise to questions of law in consideration of which the movant not only admits the basic facts established which are favorable to the adverse party, but also every conclusion or inference favorable to the adversary which might be reasonably inferred from the evidence. Implicit in the court's opinion is the holding that summary judgment proceedings are to be employed in advance of the trial, while the movant's entitlement to judgment on the evidence after the trial commences may be asserted only by motion for directed verdict. The necessity for preserving the distinction between the different stages of litigation which each of the mentioned motions may be heard and determined becomes important, among other things, in determining the items of costs to be awarded the prevailing party. While certain items of cost incurred in connection with the taking of depositions and in pursuing other discovery proceedings might be allowable to the prevailing party in a summary final judgment, the same items of cost might not be properly taxed in favor of the prevailing party at the conclusion of a trial on the merits, whether the trial culminates in a verdict directed by the court or rendered by the jury. We therefore conclude that the trial court erred in granting *892 appellee's motion for summary judgment during the trial at the conclusion of the plaintiff's evidence.
Having disposed of the procedural question presented by this appeal, we would prefer to now consider and dispose of the merits of the case according to the contentions made by the respective parties. Unfortunately, however, we find ourselves in a position where we are unable to accomplish this desired result.
Were it possible, we would treat the court's order granting summary judgment as an order granting the motion for directed verdict made by the defendant at the conclusion of plaintiff's evidence. By so doing we could reach the merits of the case as presented by the points made on appeal. Indulgence in such a consideration is unauthorized and would tend to pervert the principles of orderly procedure.
In the granting of its summary judgment in favor of defendant we must assume that the trial court based his decision only on those matters which may be properly considered in passing upon this type motion. Under the applicable rule the only matters which the court is authorized to consider are the pleadings, depositions and admissions on file, together with the affidavits, if any, filed in support of and in opposition to the motion.[5] It thus appears that on motion for summary judgment the court is authorized to consider not only items of evidence in a form which would not be admissible during a trial such as affidavits, etc., but also evidence which may never be introduced at the trial by either party. The record reveals that the court specifically refused to pass on defendant's motion for directed verdict. Had he done so, his consideration would have been confined exclusively to the evidence adduced by plaintiff during the presentation of its case in chief. What the court would have ruled on such a consideration we can only speculate. Had appellee assigned as error on this appeal the court's failure or refusal to grant its motion for directed verdict, we would then be privileged to examine plaintiff's evidence and determine whether as a matter of law plaintiff had failed to establish by competent evidence the facts on which its right to relief depended. Appellee failed, however, to cross-assign as error the court's indirect denial of its motion for directed verdict, and we are therefore precluded from considering the propriety of the court's action in this regard.
Reversed and remanded for new trial.
STURGIS and CARROLL, DONALD, JJ., concur.
NOTES
[1] Smith v. City of Daytona Beach, Fla.App. 1960, 121 So.2d 440; Moore's Federal Practice, 2d Ed., Vol. 6, § 56.15(1).
[2] Woods v. Robb, 5 Cir., 1948, 171 F.2d 539.
[3] Walker v. Atlantic Coastline R.R. Co., Fla.App. 1960, 121 So.2d 713; Moore's Federal Practice, 2d Ed., Vol. 6, § 56.14(3).
[4] Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915.
[5] Rule 1.36(c), F.R.C.P., 30 F.S.A.