LOPEZ, AQUILINO, Jr., Associate Judge.
This is an appeal by the defendant from a final judgment which was entered upon a jury verdict in an action to recover damages for the alleged breach of three agreements to lease.
The original plaintiffs, Jefferson Realty of Ft. Lauderdale, Inc., Jefferson Realty of South Dade, Inc. and Jefferson Funland, Inc., will be referred to as “Realty Corporations”. The defendant will be referred to as U. S. Rubber, and Jefferson Stores, Inc., which joined as a party-plaintiff during the trial of the cause, will be referred to as Jefferson Stores.
On April 7, 1965, Realty Corporations filed their complaint seeking damages for breach of contract alleging that U.. S. Rubber negotiated with each Realty Corporation to become a sub-lessee of certain property upon which U. S. Rubber was to supply an automobile service center. Each lease provided that the Realty Corporation would construct a designated type of building upon premises near the Jefferson Stores. U. S. Rubber was to furnish construction costs and would receive a reimbursement thereof, with interest, as a credit reduction from agreed rent. Executed lease agreements and attornment agreements were delivered to an escrow agent. Certain agreements were to be complied with and escrow agent was not to release agreements until notified by U. S. Rubber attorneys. The complaint alleged the conditions were met and that U. S. Rubber prevented the construction of improvements and prevented the actual commencement of the terms of the three lease agreements, and in so doing, the U. S. Rubber breached contracts between the parties.
Cross motions for summary judgments were filed and summary judgment on the motion of liability was granted in favor of Realty Corporations and cause was ordered to proceed to trial on the issue of damages.
The case was tried by a jury starting on October 17, 1966, and ended October 20, 1966. On October 19, 1966, after Realty Corporations had rested their case and after U. S. Rubber had rested its case, Realty Corporations moved for leave to amend by adding Jefferson Stores as a party plaintiff. The motion was granted over U. S. Rubber’s objections. U. S. Rubber also moved for continuance based on the joinder of Jefferson Stores.
Jury verdicts were returned on October 20, 1966 in the amount of $0 for each original plaintiff, the Realty Corporations, and in the amount of $400,000 in favor of Jefferson Stores. Final judgment on the jury verdict was entered in favor of Jefferson Stores and against U. S. Rubber in the amount of $400,000 and Realty Corporations were found to have suffered no damages and that these plaintiffs take nothing by their suit except court costs. U. S. Rubber *112 moved for a new trial, or in the alternative, for a judgment notwithstanding verdict which was denied.
Assuming that the Realty Corporations were entitled to a summary judgment, the jury must have found that they had not proven any damage to themselves and that the damages, if any, from the defendants’ alleged breach of the lease agreements related to a nonparty to the cause, Jefferson Stores.
 The court by permitting the entry -of Jefferson Stores into the case on the last •day of testimony and by permitting it to go to the jury as a party plaintiff, adjudicated liability in favor of Jefferson Stores and against U. S. Rubber without any hearing on that question as between these parties. The •court necessarily granted Jefferson Stores a partial summary judgment after all of the evidence was received even though summary judgments are properly pre-trial in character and it is not proper to grant summary judgments in favor of either party at the conclusion of the evidence during trial. Accordingly, it was error for the trial court to enter summary judgment without previous notice under the rules. Fish Carburetor Corporation v. Great American Insurance Co., Fla.App.1961, 125 So.2d 889; Wood v. Kleaveland, Fla. 1953, 64 So.2d 684; Fernandez v. Moreno, Fla.App.1965, 176 So.2d 587; Tomayko v. Thomas, Fla.App. 1962, 143 So.2d 227.
It was plaintiffs’ burden to prove each of the elements of damage. Without evidence of rental value, there was nothing before the jury from which they could •determine the rent reserved and rental value. Realty Corporations were returned zero verdicts thereby demonstrating the complete lack of evidence. The only damages that Jefferson Stores may be entitled to recover, if any, were those based on loss of advertisement. Leslie E. Brooks Company v. Long, 67 Fla. 68, 64 So. 452; Young v. Cobbs, Fla. 1955, 83 So.2d 417; New Amsterdam Casualty Company v. Utility Battery Manufacturers, 122 Fla. 718, 166 So. 856; Lanzatolli v. Cohen, Fla.App.1959, 113 So.2d 727.
Each lease agreement provided that sub-lessee shall independently advertise the sale or promotion of merchandise or services displayed or offered in the leased premises and each sub-lessee agreed to spend an amount which would not be less than 3% of gross sales per lease year on advertising in local newspapers, in local radio and local television.
The lower Court was in error and the cause must be reversed and final judgment in favor of Jefferson Stores set aside for a new trial not inconsistent with this opinion.
Reversed and remanded.