■ LILLIAN MANNIX, Respondent, v. MARY MATTHEWS, Appellant.— STALEY, JR., J. Appeal (1) from a judgment of the Supreme Court in favor of the plaintiff entered April 24, 1967 in Albany County upon a verdict rendered at Trial Term, and (2) from an order of said court entered May 1, 1967, which denied defendant's motion to set aside the verdict. Plaintiff and defendant both were approximately 80 years of age at the time of the accident and had been close friends for over 40 years. On April 13, 1962 the plaintiff, who was visiting in defendant's home, was about to go to bed for the night when she fell in her bedroom and was injured. About five weeks prior to plaintiff's accident, the defendant had fallen in her dining room injuring her arm, which required hospitalization until four or five days prior to plaintiff's accident. When the plaintiff learned that defendant was returning home from the hospital, she offered to come and stay with the defendant for a few days and had already arrived there when the defendant was brought home from the hospital. During plaintiff's stay at defendant's home, and up to the time of the accident, plaintiff helped defendant by assisting her in dressing and undressing, prepared breakfast and lunch, and did the dishes. The evening meal was prepared by defendant's daughter who lived in an upstairs apartment in defendant's home. Plaintiff had visited defendant many times prior to the accident, had stayed overnight, and had helped with the dishes on some occasions. The first issue on this appeal is the legal status of plaintiff at the time of the accident, and it is conceded that, if the plaintiff was a social guest rather than an invitee, that plaintiff was not entitled to recover. The jury found that plaintiff was an invitee. A social guest who performs minor services for his host does not thereby assume the status of an invitee. (3 Warren's Negligence, p. 261; *Wilder* v. *Ayers,* 2 A D 2d 354, affd. 3 N Y 2d 725.) In this case there was more than the trivial and casual accommodation accorded as a social amenity in *Wilder* v. *Ayers* (*supra*). (*Bubacz* v. *Horka,* 11 A D 2d 594.) The question

of whether or not plaintiff was a social guest or an invitee, under the circumstances of this case, was a proper issue for determination by the jury. (*Schwartz* v. *Eisen*, 25 A D 2d 555.) Plaintiff's status, having been held to be an invitee, the defendant owed her a duty to maintain the premises in a reasonably safe condition so that plaintiff would not be exposed to unusual hazards. (3 Warren's Negligence, p. 232; *Wilder* v. *Ayers, supra*.) Accepting the plaintiff's testimony in a light most favorable to her, we are of the opinion that she failed to establish negligence on the part of the defendant. She testified that floors in defendant's house were "highly polished. They looked well"; that the house was "in good shape". In relation to her fall the plaintiff testified as follows: "Q. And what happened to you when you got into your room? A. I turned around and went in the bed, or in the bedroom, and, well, I don't know what happened after or how long, but I slid, I fell. * * * Q. Tell us what happened after you got into your bedroom. A. Well, I fell on the floor. Q. Do you know what caused you to fall on the floor? A. No. * * * Q. You were going toward the bed? A. Yes. Q. And what were you stepping on? A. I stepped on the rug. Q. And then what happened? A. Well, then I flew under the bed with the rug. Q. What happened to the rug when you stepped on it? A. Well, it must have slid." The case of *Olsen* v. *St. Margaret of Scotland R. C. Church* (18 N Y 2d 872), relied upon by the respondent, is distinguishable. In that case there was evidence that the floor where the plaintiff fell was periodically washed and waxed, and had been waxed four days prior to the accident; and, that an employee of a rug company, experienced in rug installation, testified that it was not good or accepted practice to place a runner on a waxed tile floor without tacking it to the floor, or placing non-skid padding underneath. In the instant case, there was no evidence that the floor had been waxed or polished and, in fact, the defendant testified that the floors were never waxed, but were cleaned with water or just dusted, and there was no evidence of any defective condition of the floor or the rug on which the plaintiff allegedly slipped. It is well settled that the mere polishing of a floor, thereby creating a slippery condition, is not negligence, even as to an invitee. (*Curren* v. *O'Connor*, 304 N. Y. 515; *Nelson* v. *Salem Danish Lutheran Church*, 270 App. Div. 1030, affd. 296 N. Y. 870; *Paddock* v. *Church of St. Barnabas, Woodlawn & McLean Hgts.*, 24 A D 2d 716; *Chernowski* v. *Kinney Co.*, 22 A D 2d 748.) The condition of the floor and the scatter rug in defendant's home, as presented by the plaintiff's testimony, was not sufficient to charge a reasonable, prudent person with the duty of foreseeing that one in the exercise of ordinary care using the floor, would be exposed to danger. (65 C. J. S., Negligence, § 81, subd. [10]; *Levine* v. *Macy & Co.*, 20 A D 2d 761; *Elias* v. *Heller*, 23 Misc 2d 201, affd. 16 A D 2d 760.) Judgment and order reversed, on the law and the facts, without costs, and complaint dismissed. Herlihy, J. P., Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J. Reynolds and Aulisi, JJ., dissent and vote to affirm in the following memorandum by Reynolds, J. We agree with the majority statement that the question of whether plaintiff was a social guest or an invitee was properly submitted to the jury as a special question. The jury decided that she was an invitee. The jury additionally found, which of course they had a right to do on the record, that plaintiff fell on a loose scatter rug placed upon a "highly polished floor". This combination was exactly what we find in *Olsen* v. *St. Margaret of Scotland R. C. Church* (18 N Y 2d 872). In *Olsen* at page 873 was the following language: "Plaintiffs argued that the issue of whether plaintiff wife's injuries were caused by the hazard created by the combination of a slippery floor and an unsecured carpet runner was a question of fact properly resolved by the jury." The Court of Appeals affirmed plaintiff's

judgment. In our view the *Olsen* case is directly in point. We would therefore affirm the judgment and order at Trial Term.