SPECTOR, Judge.
Appellants were plaintiffs in a slip and fall negligence action against appellees. After the jury returned a verdict fo.r the plaintiffs, the lower court granted defendants’ motion for judgment in accordance with their motion for a directed verdict. The final judgment in favor of defendants is the subject of this appeal.
The facts show that appellee, Mary Bryant, was ill and requested appellant, Vivian Harvey, her niece by marriage, to come to her home and assist her. While going from the dining room into the kitchen for the purpose of fixing some ammonia for her aunt, the appellant slipped and fell. She testified that she did not know what had happened, but the evidence shows that there was a throw rug on the polished kitchen floor and that it was out of place and at her feet.
The first question presented for our consideration is whether there was any evidence based upon which the jury could have found for the plaintiffs on the question of negligence. The trial court answered this question in the negative, and our review of the record sustains that judgment. The alleged negligent conduct ascribed to the defendant was the placing of a throw rug on a polished floor in the defendants’ home. Appellant contends the fact that the rug was two years old and had been washed weekly for that period rendered the rug inherently unsafe and that the jury could so infer. The trial judge held that these facts did not constitute negligence on defendants’ part. Appellants rely on cases such as Ladenson v. Eder, 195 So.2d 211 (Fla.1967); and Walton v. Walton, 171 So.2d 72 (Fla.App.1964), in support of the contention that the condition present on defendants’ premises constituted negligence. The facts in the instant case however are distinguishable from those in the line of cases relied upon in that here there is no showing that the defendant knew or should have known that the placing of the throw rug created a dangerous condition. In both Ladenson and Walton, supra, there was affirmative evidence of knowledge of the dangerous condition on the part of the defendants. No such evidence is shown in the case at bar.
We think the case of Partelow v. Edgar, 219 So.2d 72 (Fla.App.1969), and the principles enunciated therein require an affirmance of the judgment reviewed herein. In Partelow, the court affirmed a directed verdict in favor of the defendant upon the plaintiff’s failure to show that the floor was maintained in other than a normal manner or that there was present or had been applied a foreign substance to the floor or that the same had been maintained in other than a normal and ordinary manner.
 We think the trial court correctly stated in its final judgment that:
“ * * * an owner is not an insurer of the safety of an ‘invitee’ and may apply wax and place throw rugs on his floors in the usual and customary manner without incurring liability to one who slips and falls thereon; and it is incumbent upon the person who falls to show ‘affirmative acts of negligence on the part of the owner * * * either in the method or manner * * * of waxing or polishing the floors * * * or that the floors were in a different condition than would have resulted from proper waxing’ and placing a throw rug thereon. First Federal Savings & Loan Ass’n. of Miami v. Wylie (Fla.), 46 So.2d 396. See also Mannix v. Matthews (App.Div.) [30 A.D.2d 895] 292 N.Y.S.2d 33; Nelson v. Smeltzer, 221 Iowa 972, 265 N.W. 924; Brown v. Davenport Holding Co., 134 Neb. 455, 279 N.W. 151 [161]; and Mur-rell v. Handley, 245 N.C. 559, 96 S.E.2d 717.”
*464 The remaining question raised relates to the correctness of the trial court’s exclusion of a proffer by the appellant of evidence tending to show that Mrs. Bryant had knowledge of a prior slip or fall involving the throw rug in question. We have examined the proffer which was made after Mrs. Bryant testified that she had no such knowledge, and we are of the view that the proffer sought to be made was properly excluded in that the testimony was too vague and uncertain to be of any probative value and, therefore, was properly excluded on authority of Conda v. Plain, 215 So.2d 13 (Fla.App.1968).
The judgment appealed herein is therefore affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.