310 So.2d 57 (1975)
The HOWARTH TRUST, by and through Its Managing Trustee, Catherine H. Carter, et al., Appellants,
v.
Mary S. HOWARTH, Appellee.
No. W-291.
District Court of Appeal of Florida, First District.
April 1, 1975.
*58 Brinly S. Carter of Carter & Carter, DeLand, for appellants.
Robert A. Meade, Jr., of Duffett, Barry, Seps, Meade & Akers, Ormond Beach, Sidney H. Taylor, DeLand, and Nord L. Johnson, for appellee.
MILLS, Judge.
This litigation arises out of claims, counterclaims and cross-claims concerning the assets and management of a trust. Trial had progressed through six days of testimony when appellee, defendant below, filed a motion for summary judgment on that count of her second amended counterclaim and cross-claim seeking an accounting from appellants Catherine Carter and Brinly Carter, plaintiff and counter-defendant below. The trial court granted the motion for summary judgment and appellants have taken this interlocutory appeal.
The issue here is whether the trial court had authority to consider appellee's motion for summary judgment after the trial commenced. The trial court did not have authority to consider or grant the motion for summary judgment after the commencement of trial.
This Court stated in Fish Carburetor Corporation v. Great American Insurance Company, Fla.App., 125 So.2d 889:
"Summary judgment proceedings are essentially pretrial in character. Their principal function is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. The motion for summary judgment should be made and pressed at such a stage in the litigation that it will not delay the trial. When in due course the trial is had on the merits, the trial itself becomes the best test of either party's right to judgment... ."
Reversed and remanded for continuation of the trial.
McCORD, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge (concurring specially).
I fully concur with the foregoing decision and opinion. However, I feel it also pertinent to point out that Rule 1.510(c) RCP specifically provides that "the motion shall be served at least twenty days before the time fixed for the hearing."