SCHEB, Judge.
In a suit by appellant/plaintiff to re-establish a deed, the trial court directed a verdict in favor of the appellee/defendant. Plaintiff appeals. We reverse.
Plaintiff and defendant were formerly husband and wife. Upon dissolution of their marriage, they became tenants in common of a 30-acre tract of land which included their former homeplace. Plaintiff was awarded custody of their two sons and was granted exclusive use of the former marital premises. Defendant was granted custody of their daughter. Plaintiff filed suit against the defendant for partition of the property. Subsequently he petitioned to obtain custody of his daughter from the defendant.
Before these matters were resolved, the defendant executed a deed of her interest in the property in favor of the plaintiff. The parties agreed the deed was to be held in escrow by Attorney Gordon C. Huie. There was conflicting evidence of their agreement. Plaintiff contended he was to withdraw both his pending suit for partition and his petition to obtain custody of his daughter in exchange for his former wife’s conveyance to him of her one-half interest in the real estate. While admitting she signed the deed and placed it with Mr. Huie, defendant contended she executed and escrowed it to prevent her former husband from harassing her. She maintained, however, that she had the right to remove the deed from Mr. Huie’s possession. She did just that by regaining possession of it from Mr. Huie’s secretary. Subsequently she destroyed it in front of Mr. Huie who had been attempting to have the deed re *1067 turned to bis possession. Plaintiff brought this suit to re-establish the deed.
Upon conclusion of the plaintiff’s evidence, the trial judge found that the deed was not properly witnessed. He granted a directed verdict and subsequently entered final judgment for the defendant, holding that “no deed ever existed.”
The granting of a directed verdict (Fla.R.Civ.P. 1.480), more properly called a dismissal in a nonjury action (Fla.R.Civ.P. 1.420(b)), is designed to test the sufficiency of evidence to support a judgment. Traw-ick, Florida Practice and Procedure, Section 22-13. At that posture it was incumbent on the trial judge to either disregard the conflicts in evidence, Rodi v. Florida Greyhound Lines, Inc., 62 So.2d 355 (Fla.1952), or resolve them in favor of the party moved against. Winn-Dixie Stores, Inc. v. Miller, 220 So.2d 680 (Fla. 4th DCA 1969).
While there were conflicts in the evidence, the defendant testified that she signed the deed and placed it in escrow with Mr. Huie. No one suggested the deed did not purport to convey the property in question. Moreover, there was testimony by Mr. Huie that the deed was in proper legal form. We hold the plaintiff produced sufficient evidence to establish a prima facie case to re-establish the deed. It was, therefore, error for the trial judge to grant a directed verdict holding “that no deed existed.” If, upon hearing all evidence, the court determines to re-establish the deed, other questions may surface as to the terms and legal effect of the conveyance and the escrow arrangements. Obviously, we make no opinion on these matters.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and OTT, J., concur.