358 So.2d 123 (1978)
VERMONT MUTUAL INSURANCE COMPANY, D. Frank Palmieri and Carmela Palmieri, His Wife, Appellants,
v.
Charles CONWAY, Appellee.
No. GG-481.
District Court of Appeal of Florida, First District.
May 4, 1978.
Rehearing Denied May 18, 1978.
Robert K. Rouse, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellants.
Paul R. Stern of Stern, LaRue & Wells, Daytona Beach, for appellee.
PER CURIAM.
Appellants were found by the jury below to be 15% negligent in an accident which occurred when appellee, a housepainter, fell off a ladder as he painted appellants' house. Appellants argue that the evidence was legally insufficient to be presented to the jury and that the court erred in not directing a verdict. We agree and reverse.
Appellee testified that Mrs. Palmieri, complaining about his untidiness, had hosed down the driveway two times in the morning *124 of the accident. He stated that he had moved the ladder a number of times as he worked around the north part of the house, and just before the fall had placed it on a wet part of the driveway surface. Plaintiff's expert testified that hosing down the driveway could have "reduced the coefficient of friction" to the point at which the ladder essentially lost its traction and gave way. The jury apparently believed that the hosing was at least in part responsible for the accident. Appellants argue that appellee admitted he saw Mrs. Palmieri hose the driveway and himself placed the ladder on the wet surface.
It is well settled that a defendant's knowledge of a danger must be superior to that of a business invitee in order to create a duty to warn of dangers unknown to the plaintiff. Somers v. Myers, 171 So.2d 598 (Fla. 1st DCA 1965). Here Mrs. Palmieri's knowledge of the wet driveway was no greater than that of the plaintiff's. Furthermore there was no showing that Mrs. Palmieri realized she was creating a danger to plaintiff by hosing the driveway down. In Harvey v. Bryant, 238 So.2d 462 (Fla. 1st DCA 1970), this court held that where there was no showing that a homeowner knew or should have known that placing a throw rug on a newly waxed floor created a dangerous condition, she was not liable for injuries caused when a guest fell on that rug. In short, there was no basis for holding defendants liable for plaintiff's injuries and the trial court should have directed a verdict in their favor.
REVERSED.
SMITH, Acting C.J., and ERVIN and BOOTH, JJ., concur.