368 So.2d 428 (1979)
Asa M. ERNEST and Anita B. Ernest, Appellants,
v.
James M. CARTER, Vickie B. Carter, and General Electric Credit Corporation, Appellees.
No. 78-932.
District Court of Appeal of Florida, Second District.
March 7, 1979.
*429 Edson L. Garrabrants, Jr., of the Burton Professional Ass'n, Clearwater, for appellants.
Wayne J. Boyer, Clearwater, for appellees.
SCHEB, Judge.
Plaintiffs brought suit to enforce their rights and to foreclose those of defendants under an agreement for deed. At the close of the plaintiffs' case the trial court entered an order of dismissal, but required the defendants to pay all past due installments within forty-eight hours. The trial court also denied plaintiffs' request for attorneys' fees and ordered each side to bear their own costs. On this appeal by plaintiffs we hold they presented a prima facie case and that dismissal of their amended complaint was therefore error. We reverse.
Plaintiffs and defendants entered into an agreement for deed whereby the defendants agreed to purchase certain real property on an installment basis with monthly payments of principal, interest, taxes and insurance. The agreement provided for an acceleration of the debt at the option of the plaintiffs in the event of a default in payments, and made the defendants liable for all costs of collection, including reasonable attorneys' fees. Such an agreement is in essence a mortgage, and the foreclosure thereof is governed by the rules applicable to mortgage foreclosures. Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977).
To establish their entitlement to foreclose it was incumbent upon the plaintiffs to prove their agreement, a default by the defendants, that plaintiffs properly accelerated the debt to maturity, and the amount due. The evidence must be considered in the light most favorable to the nonmoving party, Glass v. Long, 341 So.2d 1066 (Fla. 2d DCA 1977), and if a prima facie case has been established, dismissal is improper. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972). We have reviewed the evidence and, considered in the light most favorable to the plaintiffs, it was sufficient to establish a prima facie case as to all of the aforementioned elements. It was therefore error to dismiss plaintiffs' amended complaint.
We deem it unnecessary at this time to address the issue of attorneys' fees incurred by plaintiffs at the trial level. That issue is premature until the trial court has heard all the evidence, including testimony as to the reasonable amount of attorneys' fees, and has made its decision on the merits of the controversy.
Reversed and remanded for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and DANAHY, J., concur.