PER CURIAM.
In May, 1976, appellee sought to foreclose a real estate mortgage, which secured a principal indebtedness of three-quarters of a million dollars. A promissory note, a copy of which was attached to the appellee’s complaint, evidenced the corporate appellant’s obligation to repay that sum, plus interest, to one Security National Bank, a stranger to the foreclosure action. Neither was the note produced by appellee, nor was an explanation for that omission offered. Nevertheless, the trial court granted appel-lee’s motion for summary judgment. Appeal was taken from that grant, and we herein reverse.
A promissory note is a negotiable instrument, and as such, entitles a holder in *726 due course to payment thereunder, irrespective of the payor’s claim that he has discharged his obligation by payment to someone else. § 673.305, Fla.Stat. (1980). Therefore, absent presentment of the note, or explanation of his failure to make such, a putative obligee is not entitled to foreclose upon the security for the debt. Downing v. First National Bank of Lake City, 81 So.2d 486, 488 (Fla.1955). In such a situation, affidavits may not be used to remedy the fault, for want of attachment of sworn or certified copies of the note referred to therein. Ferris v. Nichols, 245 So.2d 660 (Fla. 4th DCA 1971); Fla.R.Civ.P. 1.510(e).
Since we find that the issue was timely raised below, and that the defense was not waived, as urged by appellee, and since a genuine issue of material fact exists, to wit: The possession of the note or rights thereunder, we reverse the final summary judgment of the trial court, as violative of Fla.R.Civ.P. 1.510(c).
Reversed.