404 So.2d 183 (1981)
TELEPHONE UTILITY TERMINAL COMPANY, INC., a Florida Corporation, F. Lee Hinebaugh and Robert S. Larsen, Appellants,
v.
EMC INDUSTRIES, INC., a Delaware Corporation, Appellee.
No. 80-906.
District Court of Appeal of Florida, Fifth District.
September 30, 1981.
David E. Terry of Baker & Hostetler, Orlando, for appellants.
Del G. Potter of Del G. Potter, P.A., Mount Dora, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants, defendants below, appeal from a summary final judgment. Counts I-IX of the complaint sought recovery on nine promissory notes from Telephone Utilities Terminal Company (TUTCO) as maker and Larsen and Hinebaugh as guarantors. Counts X-XV covered loans to TUTCO not *184 evidenced by promissory notes, each count representing a loan made on a different day. Count XVI sought recovery from all defendants for the monies loaned to TUTCO delineated by counts X-XV on the basis that the defendants breached their agreement to execute notes and guaranties concerning these monies. EMC dismissed without prejudice appellants Larsen and Hinebaugh as to counts X-XVI.
EMC moved for summary judgment concerning the notes and guaranties and served this motion only to the attorney for defendants Hinebaugh and Larsen. The trial court granted judgment against defendants on all of the counts.
The first question presented was whether summary judgment as to counts I-IX was error where EMC failed to produce the original notes or account for their absence.
In the case of a negotiable promissory note, any holder in due course is entitled to payment thereunder even though the payor may claim he has discharged his obligation to someone else. § 673.305, Fla. Stat. (Supp. 1980); International Center of the Americas v. Chemical Bank, 384 So.2d 725 (Fla.3d DCA 1980). Thus, "production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." § 673.307(2), Fla. Stat. (Supp. 1980).
In Ferris v. Nichols, 245 So.2d 660, 662 (Fla. 4th DCA 1971), the fourth district stated that:
Except in the unusual case where the suit is on a lost or destroyed note, the instrument sued on should be produced in order to entitle the holder to recovery.
Requiring production of the instrument protects the payor from being later liable to a holder in due course where the original payee fraudulently obtained payment in an action using a copy of the note.[1]
EMC cites Coquina Ridge Properties v. East West Company, 255 So.2d 279 (Fla. 4th DCA 1971) as authority for its position that the original copy of the note is not necessary. An examination of the case reflects that the court stated simply that unless the issue is raised in the trial court, it cannot be raised on appeal. The question of how a plaintiff can prove he is a holder in due course without the original note was not addressed. We hold that it was error for the trial court to enter judgment on counts I-IX without production of the original notes.
The next question raised is whether summary judgment as to counts X-XVI was proper as to TUTCO. TUTCO was not served with the motion for summary judgment or notice of hearing. The record reflects that the motion was sent only to the attorney for defendants Larsen and Hinebaugh; and fails to show that the motion was sent to defendant TUTCO. This means that the plaintiff did not meet the requirements of Florida Rule of Civil Procedure 1.510(c).
EMC contends that Larsen and Hinebaugh were officers of the defendant corporation and that their attorney had been served with a copy of the motion. The record reveals, however, that the attorney had appeared for defendants Larsen and Hinebaugh in their individual capacity only. Knowledge acquired by corporate officers while acting for themselves and not for the capacity of the corporation cannot be imputed. C & H Contractors, Inc. v. McKee, 177 So.2d 851 (Fla.2d DCA 1965). Without service of the motion on TUTCO, the trial court could not render summary judgment against it.
Appellants question whether the court erred in allowing EMC to recover on the notes and guaranties when the notes did not show that documentary stamps had been paid.
The copies of the notes attached to the complaint did not show the documentary stamps. Appellants first raised the question of the stamps after entry of summary judgment by filing a motion to dismiss and *185 a motion for rehearing. At the hearing on the motion, the point was not argued and no ruling directed to this point is part of the record. Appellants cannot raise the point for the first time on appeal. See Jones v. Neibergall, 47 So.2d 605 (Fla. 1950). However, because this matter is being reversed on other grounds, appellants may raise the point by appropriate pleadings in the trial court.
REVERSED and REMANDED to the trial court for proceedings consistent with this opinion.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] If a payor pays on a copy of a note pursuant to a judgment and later a holder in due course presents the original note, the payor could not claim satisfaction. § 673.305. See also Liles v. Myers, 38 N.C. App. 525, 248 S.E.2d 385 (1978).