UPCHURCH, Judge.
The McFaddens and State Farm Fire and Casualty Company appeal from a final judgment awarding damages in a slip and fall action brought by appellee, Renata Fiori. The controlling issue raised by the McFaddens is whether the trial court erred in denying their motion for a directed verdict on the issue of negligence.
Mrs. Fiori, who is the mother of Penny McFadden, was visiting in the McFaddens’ home when she tripped over a throw rug in the kitchen. Apparently Mrs. Fiori fell when her feet became entangled in the rug while she was turning from the sink to put away a knife. Her right hip was fractured in the fall and required surgery. At trial, Mrs. Fiori admitted she knew the rug would “crumple up” and she was afraid of slipping on it. She had told her daughter it was dangerous but, since she was not in her own house, she was reluctant to move the rug. Penny McFadden testified at trial both as an adverse witness and in defense. She stated that the rug was placed in front of the sink to keep water off of the terrazzo floor. She admitted that, even though she was concerned about the rug’s tendency to not stay flat, she did not warn Mrs. Fiori. The McFaddens’ motion for a directed verdict was denied by the trial court. The jury returned a verdict awarding $65,-000 in damages, finding the McFaddens sixty percent negligent and Mrs. Fiori forty percent negligent. The total amount awarded to Mrs. Fiori was $39,000.
On appeal, the McFaddens contend they were entitled to a directed verdict on the negligence theories of failure to warn of a dangerous condition and breach of the duty to maintain the premises in a reasonably safe condition. We conclude that the McFaddens were entitled to a directed verdict under both theories. First, there was no duty to warn Mrs. Fiori be *93 cause she was aware that the rug would not always stay flat and that it might cause her to trip. See Sari v. Aetna Casualty & Surety Co., 452 So.2d 64 (Fla. 3d DCA 1984); Vermont Mutual Ins. Co. v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978). Second, there was no breach of the duty to maintain the premises in a reasonably safe condition because Mrs. Fiori did not present any evidence to establish that the throw rug constituted a dangerous condition. In Harvey v. Bryant, 238 So.2d 462 (Fla. 1st DCA 1970), the court affirmed a directed verdict in favor of the homeowners where an invitee slipped on a throw rug on a polished kitchen floor. The court held that:
[A]n owner is not an insurer of the safety of an invitee and may apply wax and place throw rugs on his floors in the usual and customary manner without incurring liability to one who slips and falls thereon; and it is incumbent upon the person who falls to show affirmative acts of negligence on the part of the owner ... either in the method or manner ... of waxing or polishing the floors ... or that the floors were in a different condition than would have resulted from proper waxing and placing a throw rug thereon.”
238 So.2d at 463.
Here, Mrs. Fiori’s knowledge of the rug’s condition was equal to that of the McFad-dens’ and she could have eliminated the risk of harm by simply moving the rug. There was nothing unusual in the placement or type of rug and there was no evidence of affirmative acts of negligence on the part of the McFaddens. We therefore conclude that it was error for the trial court to fail to grant appellants’ motion for directed verdict. Having reached this conclusion, we do not address the other issues raised on appeal.
REVERSED and REMANDED for entry of judgment for appellants.
DAUKSCH and COWART, JJ., concur.