540 So.2d 888 (1989)
Victor GUTIERREZ, et al., Appellants,
v.
Yraida Leyva BERMUDEZ, Etc., Appellee.
No. 88-747.
District Court of Appeal of Florida, Fifth District.
March 23, 1989.
*889 Ronald L. Harrop of Gurney & Handley, P.A. and Robert Rodriguez, Orlando, for appellants.
Valerie W. Evans of Rafael de Armas, P.A., Orlando, for appellee.
ORFINGER, Judge.
The trial court summarily dismissed the appellants' action to reestablish a lost promissory note and mortgage and to foreclose that mortgage, after trial had commenced, because the appellants could not produce the original note. Because of both substantive and procedural errors in the proceedings below, we reverse.
Appellants sued Clementina Bermudez seeking to foreclose a mortgage. Count I sought to foreclose the mortgage while Count II sought to establish the lost promissory note and mortgage which were the subject matter of the foreclosure action. Copies of the original note and recorded mortgage were attached to the complaint. After Clementina died, appellants amended their complaint to substitute as defendant appellee Yraida Leyva Bermudez, as personal representative of the estate. Appellee answered, admitting that the deceased executed and delivered a promissory note and second mortgage to appellants but demanded strict proof that the copies were true, and raised payment as an affirmative defense.
At the non-jury trial which commenced on August 11, 1987, Carmen Gutierrez testified with the assistance of an interpreter that in May, 1984, she and her husband sold a parcel of real estate to the decedent, and took back a second mortgage in the amount of $16,500 as part of the purchase price. Copies of the sales contract, promissory note and recorded mortgage were admitted into evidence. Carmen testified that she received the original note and mortgage from the closing agent and placed them with other important papers in a desk drawer in her house.
Under the terms of the note, payments were to commence on June 4, 1984. Payments were received for the months of June, July and August, 1984, but the September 1984 payment was not received and no subsequent payments were made. Carmen testified that she did not immediately seek to foreclose the mortgage when payments ceased because of close family and business ties with the decedent. She also testified that she looked for the original note and mortgage in the desk where she had left them but could not find them; that the desk was in a room accessible to anyone who visited her home, and that over time this included the decedent who had lived with appellants for several months in 1984 and 1985, as well as appellee. At the conclusion of cross-examination, the proceedings were recessed with a request from the court that counsel advise on the time required to complete the trial proceedings.
On September 4, 1987, appellants' counsel filed a notice for continuation of trial indicating that both counsel agreed that an additional six hours would be necessary to *890 conclude the proceedings. On October 5, 1987, appellee filed a motion for summary judgment asserting that appellants' action was barred due to their failure to produce the original note and mortgage. On March 4, 1988, the court issued an order scheduling continuation of the non-jury trial for March 24, 1988. On the day set for continuation of the trial, the parties appeared and the court, rather than resume taking testimony, considered appellee's motion for summary judgment, over appellants' objection that the court could not consider such motion during trial. Overruling the objection, the court heard argument by the parties as to the merits of the motion and ruled that appellants' foreclosure action was barred because of their failure to produce the original note and mortgage. An order dismissing the action was subsequently entered, from which this appeal was taken.

I PROCEDURAL DEFECTS
Appellants question the propriety of the consideration of a motion for summary judgment once trial has commenced. Appellee asserts that Florida Rule of Civil Procedure 1.510(b) permits the filing of such motion "at any time," relying on Coral Ridge Properties, Inc. v. Playa Del Mar Association, 505 So.2d 414 (Fla. 1987). Coral Ridge, however, does not address the issue before us here, but involved only the question of whether a defendant could move for summary judgment based on an affirmative defense before filing an answer raising that affirmative defense. Clearly, the procedure in Coral Ridge was pretrial, and nothing in that opinion leads to the conclusion that a motion for summary judgment may be heard once trial begins. The case of Fish Carburetor Corp. v. Great American Insurance Company, 125 So.2d 889 (Fla. 1st DCA 1961) correctly states that:
"Summary judgment proceedings are essentially pretrial in character. Their principal function is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. The motion for summary judgment should be made and pressed at such a stage in the litigation that it will not delay the trial. When in due course the trial is had on the merits, the trial itself becomes the best test of either party's right to judgment... ."
125 So.2d at 891. See also Howarth Trust v. Howarth, 310 So.2d 57 (Fla. 1st DCA 1975); United States Rubber Co. v. Jefferson Realty, 208 So.2d 110 (Fla. 3d DCA 1968); Busbee-Bailey Tomato Co. v. Bailey, 463 So.2d 1255 (Fla. 1st DCA 1985). Once trial commences, a defendant tests the sufficiency of the plaintiff's evidence by a motion for directed verdict. Fish Carburetor, supra. Here, the plaintiffs had not yet completed their testimony when the summary judgment was entered, so obviously a motion for directed verdict would have been premature.

II ON THE MERITS
The trial court relied on Telephone Utility Terminal Co. v. EMC Industries, Inc., 404 So.2d 183 (Fla. 5th DCA 1981) as a basis for dismissal here, but a close reading of that decision indicates that the case was misapplied. In EMC, this court held that it was error to grant a summary judgment in favor of the claimed holder of promissory notes where the purported holder "failed to produce the original notes or account for their absence" (emphasis added). Id. at 184. The case reveals no effort by EMC to account for the absence of the notes or to reestablish them. That is not the scenario here.
The right to recover on a lost instrument is codified in our Uniform Commercial Code, section 673.804, Florida Statutes (1987) which provides:
Lost, destroyed, or stolen instuments.  The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. *891 The court may require security indemnifying the defendant against loss by reason of further claims on the instrument.
This court, as have others, has recognized the principle that pursuant to the cited statute, the owner of an instrument which is lost may maintain an action and recover on the instrument upon proof of his ownership, proof of the facts which prevent his production of the instrument and proof of the terms of the instrument. Barber v. Ehrich, 394 So.2d 220 (Fla. 5th DCA 1981). See also Clay County v. Toney, 153 Fla. 172, 14 So.2d 193 (1943) (note and mortgage); American Savings & Loan Association of Florida v. Atlantic Investment Corp., 436 So.2d 442 (Fla. 4th DCA 1983) (lost agreement); Glass v. Long, 341 So.2d 1066 (Fla. 2d DCA 1977) (deed); Young v. Charnack, 295 So.2d 665 (Fla. 3d DCA 1974) (note and mortgage).
Here, Carmen Gutierrez testified that she placed the original note and mortgage in a desk drawer in a room in her home and that the documents had mysteriously disappeared. She stated that a number of people, including appellee and the decedent had access to the room where the documents were kept. Carmen identified copies of the original note and mortgage, thus helping to establish the terms of said documents and testified that the note was unpaid. This evidence was sufficient to present a prima facie case on the requisites to recover on a lost or stolen instrument under section 673.804, namely (1) ownership, (2) the facts which prevent production of the instrument and (3) the terms of the instrument. Whether the proof is adequate is for determination by the trier of fact. Similarly, the defense of payment was also disputed by the testimony of the appellants, so this too remained an issue to be determined by the trier of fact.
REVERSED and REMANDED for expedited trial.
SHARP, C.J. and DAUKSCH, J., concur.