548 So.2d 902 (1989)
Lois E. ZYGMONT, Appellant,
v.
L. Alan SMITH and Lavone Smith, His Wife, Appellees.
No. 88-2713.
District Court of Appeal of Florida, First District.
September 20, 1989.
Joy A. Lordahl, Jacksonville, for appellant.
Harris Brown and Reginald Luster of Mathews, Osborne, McNatt & Cobb, Jacksonville, for appellees.
PER CURIAM.
This is an appeal from a summary judgment rendered against appellant in her negligence suit. We reverse.
The appellees employed the appellant as a domestic worker in their home for approximately one year when the appellant slipped while walking across a section of hardwood flooring. Appellant's hip was broken by the fall, and she subsequently filed suit alleging the appellees failed to keep their premises in a reasonably safe condition. More specifically, the appellant alleged that the appellees negligently treated their floors with a compound so as to render them unreasonably slippery, that the appellees negligently failed to correct the condition, and that they failed to warn the appellant.
The appellees raised several affirmative defenses and moved for summary judgment arguing that the undisputed facts demonstrated that, as a matter of law, the appellees were not negligent. Following a hearing on the motion, the trial court granted summary judgment in favor of the appellees finding that the "uncontroverted evidence is that there was no foreign substance on the floor" ... and "there is no evidence that the [appellant's] fall was caused by any condition in or on the floor itself." The trial court further found that no one else had ever fallen where the appellant slipped, so the appellant's fall "was therefore unexplained and not the product of any negligence on the part of the [appellees]."
On appeal, appellant argues that summary judgment was improper as an issue of fact remains concerning the presence of wax or some other compound on the floor. The record shows that during deposition and in a sworn affidavit, the appellant stated that several weeks before her fall, a waxing machine as well as cans of wax and sealer were stored in the appellees' garage. On her return to work following a weekend off, the equipment was gone and the floor was more slippery than usual. Appellant further averred that shortly after the removal of the waxing equipment, she slipped and injured her foot. According to her affidavit, appellant stated she told appellee, Mrs. Smith, that she had slipped and that something needed to be done about the slippery and uneven floor.
The appellees, on the other hand, testified in their respective depositions that the floor was not slippery and that polyurethane, not wax, was occasionally applied to the floors. Appellee, Mrs. Smith, specifically denied using the machinery described by the appellant, though she admitted that appellant had mentioned her previous fall.
Given this testimony, there appears to be a dispute as to whether the floor was slippery at the time of the appellant's fall. While the floor may not have been recently waxed, it may be so inferred given the *903 appellant's sworn testimony. It is well established that reasonable inferences should be resolved against a movant for summary judgment. Moore v. Morris, 475 So.2d 666 (Fla. 1985). See also, Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Even if the floors were not treated with wax, there is evidence in the record to show that they could have been unusually slippery for some other reason. The appellees have not shown, as they must, that the party against whom a summary judgment is sought cannot prevail. Multitech Corp. v. St. Johns Bluff Investment Corp., 518 So.2d 427 (Fla. 1st DCA 1988), and Wills, supra.
The cases cited by the appellees are not controlling. In Partelow v. Edgar, 219 So.2d 72 (Fla. 4th DCA 1969), the court affirmed a directed verdict in favor of a defendant store owner in an action brought by a customer who had slipped and fallen. The trial court directed a verdict because the plaintiff had failed to show a breach of duty inasmuch as there was no proof that the floor was negligently maintained. Similarly, in Harvey v. Bryant, 238 So.2d 462 (Fla. 1st DCA 1970), this court affirmed a directed verdict in a slip and fall case where there was no evidence that the defendant homeowner had knowledge of a dangerous condition created by a throw rug placed on a waxed floor.
Being appeals from directed verdicts, these cases are inapposite. A summary judgment is a pretrial mechanism, the "principle function [of which] is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law." Fish Carburetor Corp. v. Great American Insurance Co., 125 So.2d 889, 891 (Fla. 1st DCA 1961), quoted with approval, Howarth Trust v. Howarth, 310 So.2d 57, 58 (Fla. 1st DCA 1975). See also, Busbee-Bailey Tomato Co. v. Bailey, 463 So.2d 1255 (Fla. 1st DCA 1985). By contrast, a directed verdict is the means by which the sufficiency of the evidence already adduced at trial is tested. Obviously, whether a factual issue exists is quite a different matter from whether a fact is proved.
The appellees further rely upon Conn v. Seawind Enterprises, Inc., 406 So.2d 104 (Fla. 3d DCA 1981), which contains no recitation of facts, and therefore cannot serve as authority. Appellees also improperly rely on Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 1st DCA 1987). In that case, a judgment in favor of the plaintiff was reversed because there was no proof of actual or constructive notice on the part of the defendant of the dangerous condition which allegedly caused the plaintiff to fall. The plaintiff believed she slipped on gravy because of a greasy spot she later noticed on her skirt. Since there was no proof of notice, the jury would have had to build inference upon inference that a puddle of gravy formed when a dinner tray was overfilled at the defendant's delicatessen. Since there was no evidence of gravy on the floor and hence no proof that the defendant had notice of this condition, there was no proof of negligence.
Because it concerned the sufficiency of evidence adduced at trial, Publix Super Markets is not on point. A movant against whom summary judgment is sought is not required to prove his case at that stage of the proceedings. Vilardebo v. Keene Corp., 431 So.2d 620 (Fla. 3d DCA), app. dismissed, 438 So.2d 831 (Fla. 1983). See generally, Chelton v. Tallahassee-Leon County Civic Center Authority, 525 So.2d 972 (Fla. 1st DCA), rev. denied, 534 So.2d 402 (Fla. 1988).
It cannot be said that it clearly appears from the pleadings in the record that no genuine issue of fact exists. Rather, a question still remains as to the condition of the floor at the time of appellant's fall. Accordingly, summary judgment is reversed and the cause remanded.
REVERSED and REMANDED.
SMITH, THOMPSON and MINER, JJ., concur.