563 So.2d 1132 (1990)
Marie SUGGS, Appellant,
v.
Elliott ALLEN and Trisha Allen, Appellees.
No. 89-2029.
District Court of Appeal of Florida, First District.
July 16, 1990.
George E. Day, P.A., Fort Walton Beach, for appellant.
Michael D. Smith of Harrell, Wiltshire, Swearingen, Wilson & Harrell, P.A., Pensacola, for appellees.
NIMMONS, Judge.
Appellant, plaintiff below, appeals from a final summary judgment for the defendants. We reverse.
Appellant is an elderly woman who was baby-sitting for the appellees in their home. She fell and was seriously injured. The theory of liability is that appellees negligently left a throw rug on a newly-waxed floor and that appellant slipped on the rug and fell. The only evidence in the record is appellant's deposition. The record does not really shed much light on exactly how the *1133 accident occurred because the appellant's memory is very sketchy due to her injuries. Appellant was unable to say how she fell except that she had started to walk across the kitchen floor, on which the throw rug was situated, to check on appellees' baby. She does not remember much of anything prior to waking up in the hospital. She said she understood that the emergency vehicle attendants told her husband and son that the rug was wadded up under her when the attendants arrived at the scene.
As the non-moving party, the appellant was not obligated to prove her case. See Zygmont v. Smith, 548 So.2d 902 (Fla. 1st DCA 1989). The initial burden is on the movant to provide sufficient evidence to support his assertion that there is no genuine material factual issue. Only if the movant does so is the burden shifted to the respondent to establish the existence of a material issue of fact. DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986). The burden is satisfied only where the movant clearly establishes what the true factual picture is, and thereby removes any serious doubt as to the existence of any genuine issue of material fact. McCutcheon v. Seaboard Air Line Railroad Company, 133 So.2d 660, 662 (Fla. 3rd DCA 1961); 49 Fla.Jur.2d Summary Judgment § 36, p. 468.
The fact that the appellant, in her deposition, indicated that she did not know what caused her to fall is of no help to the appellees in carrying their burden. In an analogous situation, this court observed in Rubley v. Keene Corporation, 480 So.2d 675, 676 (Fla. 1st DCA 1985):
The basis for Keene's and PCC's allegation on motion for summary judgment that there was no proof of exposure to their products was Mr. Rubley's deposition testimony that he personally could not say whether Keene's and PCC's products had been used at the jobsites.
* * * * * *
In his deposition, Mr. Rubley also said his efforts to determine what products were used in Mobile from 1947-1966 had been unsuccessful.
This deposition testimony of Mr. Rubley does not constitute affirmative evidence that the products in questions were not used at the alleged jobsites, and it is insufficient to establish the non-existence of a genuine issue of material fact as to whether Keene's and PCC's products were used at those sites, see Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
See also Crosby v. Paxson Electric Company, 534 So.2d 787, 789 (Fla. 1st DCA 1989).
Appellees rely in part upon Harvey v. Bryant, 238 So.2d 462 (Fla. 1st DCA 1970), wherein this court affirmed a directed verdict for the defendant in a slip and fall case where there was no evidence that the defendant homeowner had knowledge of a dangerous condition created by a throw rug placed on a waxed floor. However, Harvey is not determinative of the issue before us because Harvey involved a directed verdict, not a summary judgment. The distinction was the subject of the following observation in Zygmont v. Smith, supra, wherein this court was discussing a line of cases exemplified by Harvey:
Being appeals from directed verdicts, these cases are inapposite. A summary judgment is a pretrial mechanism, the "principle function [of which] is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law." Fish Carburetor Corp. v. Great American Insurance Co., 125 So.2d 889, 891 (Fla. 1st DCA 1961), quoted with approval, Howarth Trust v. Howarth, 310 So.2d 57, 58 (Fla. 1st DCA 1975). See also, Busbee-Bailey Tomato Co. v. Bailey, 463 So.2d 1255 (Fla. 1st DCA 1985). By contrast, a directed verdict is the means by which the sufficiency of the evidence already adduced at trial is tested. Obviously, whether a factual issue exists is quite a different matter from whether a fact is proved.
548 So.2d at 903. See also Rubley v. Keene Corporation, supra; Croft v. York, 244 So.2d 161 (Fla. 1st DCA 1971) cert. *1134 denied 246 So.2d 787 (Fla. 1971); 49 Fla. Jur.2d Summary Judgment § 36, p. 466.
REVERSED and REMANDED.
SMITH and ALLEN, JJ., concur.