THOMPSON, Judge.
Earl Abbott appeals the final summary judgment entered against him on Craig Pen-rith’s claim for payment on a promissory note. We must reverse the summary judgment because the original note was not produced.
Penrith filed a complaint against Abbott seeking payment on a promissory note. The complaint explained that on July 27, 1989, Abbott executed and delivered to Aetna Bank a promissory note in the amount of $250,000. The complaint explained that Pen-rith was the assignee of Aetna Bank and Abbott had defaulted upon the note by failing to make timely payment. Attached to the complaint was a copy of the promissory note. The trial court granted summary judgment in favor of Penrith.
The dispositive question in this case is whether the trial court erred in granting summary judgment because Penrith failed to produce the original note. This court answered this question affirmatively in Telephone Utility Terminal Co., Inc. v. EMC Industries, Inc., 404 So.2d 183 (Fla. 5th DCA 1981). However, Penrith maintains that Abbott waived the right to assert this claim of error by failing to present it to the trial court. In Telephone Utility Terminal Co., this court specifically rejected the argument that this claim of error cannot be raised for the first time on appeal. Id. at 184.
We note that Penrith’s failure to produce the note to the trial court placed the trial court in a difficult position. In the absence of production of the note, the trial court was required to either interject itself into the proceeding by demanding production, or run the risk of reversal by ignoring its absence. Nevertheless, production of the original note was essential to proving that Penrith was a holder in due course.
Accordingly, we vacate the summary judgment in favor of Penrith and remand this matter to the trial court for further proceedings.
VACATED and REMANDED.
COBB and W. SHARP, JJ., concur.