# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2104.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D13-952, 3D12-200, & 3D12-3272
Lower Tribunal No. 06-10806

_____

**Mathew Pakonis,**
Appellant,

vs.

**Scott Clark, etc., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Norma S. Lindsey and Lester Langer, Judges.

Mark A. Dienstag, for appellant.

Squire Sanders and Alvin B. Davis and Jason Daniel Joffe, for appellee Scott Clark, etc.; John R. Sutton, for appellees Barry V. Lee, Darelynn L. Prejean-Graves, a/k/a Darelynn L. Prejean.


Before SUAREZ, SALTER, and LOGUE, JJ.

SUAREZ, J.

In these consolidated appeals appellant Mathew Pakonis ("Pakonis") seeks

review of: 1) a summary judgment in favor of appellee Scott Clark, as Trustee of

the Scott Clark Revocable Living Trust dated June 18, 2004 ("Clark") on Clark's claim for partition; 2) a directed verdict in favor of Clark and appellees Barry V. Lee ("Lee") and Darelynn L. Prejean-Graves ("Graves") on conspiracy claims; 3) summary judgment for Lee and Graves on tortious interference claims; and 4) awards of attorney's fees to Clark, Lee and Graves.[1]  We affirm as to all judgments and orders appealed.

Pakonis initially appeals a summary judgment entered in favor of Clark on Clark's claim for partition of certain real property as to which Pakonis had deeded a fifty-percent interest to Clark in 2004.  That deed was the result of a 1998 agreement between Clark and Pakonis and a series of payments made by Clark. The trial court granted summary judgment to Clark on the partition claim.  A jury trial was later held on Pakonis' counter-claims of breach of fiduciary duty, constructive fraud, conversion and conspiracy, which raised the same factual issues as his defenses to the partition action.  The jury returned a verdict in favor of Clark and final judgment was entered in Clark's favor.  Pakonis has not appealed that judgment.

The trial court correctly granted summary judgment to Clark on the partition claim because nothing raised by Pakonis created an issue of material fact as to Clark's entitlement to partition.  Haddad v. Hester, 964 So. 2d 707, 710 (Fla. 3d

---

[1] Pakonis' appeal of claims against Sea Level Marine, LLC were dismissed by Order of this Court dated February 5, 2014.  Consequently, we do not address any arguments relating to that entity.

DCA 2007), <u>Rose v. Hansell</u>, 929 So. 2d 22, 23 (Fla. 3d DCA 2006).  The correctness of the summary judgment was reinforced by the jury verdict, which likewise rejected all of Pakonis' allegations against Clark in his counterclaim.  <u>See</u>, <u>i.e.</u>, <u>Guiterrez v. Bermudez</u>, 540 So. 2d 888, 890 (Fla. 5th DCA 1989) (a trial "becomes the best test of either party's right to judgment."), <u>quoting</u>, <u>Fish Carburetor Corp. v. Great Am. Ins. Co.</u>, 125 So. 2d 889, 891 (Fla. 1st DCA 1961).

During the jury trial the trial court entered a directed verdict as to Clark, Lee and Graves on Pakonis' claims for conspiracy.  <u>Health Options, Inc. v. Palmetto Pathology Svcs, P.A.</u>, 983 So. 2d 608, 613 (Fla. 3d DCA 2008) ("A trial court's rulings on motions for directed verdict, and its interpretation of statutes and contracts, are reviewed de novo.")  Pakonis appeals that ruling, but we affirm finding that Pakonis failed to establish any specific overt acts or common goal between Graves, Lee and Clark which was connected in any way to a business opportunity held by Pakonis or any related entity.  <u>American Credit Card Telephone Co. v. National Pay Telephone Corp.</u>, 504 So. 2d 486, 488 (Fla. 1st DCA 1987).

Pakonis next challenges the trial court's grant of summary judgment to Lee and Graves on his claims for tortious interference.  Once again, we affirm.  Pakonis failed to establish the elements of such a claim, especially the existence of any protected business relationship.  <u>Scott Ferris v. South Florida Stadium Corp.</u>, 926 So. 2d 399, 402 (Fla. 3d DCA 2006).

Pakonis also challenges the trial court's award of attorney's fees to Clark. The award was based upon offers of judgment made by Clark in 2007 and 2011. We affirm. Pakonis conceded Clark's entitlement to fees below and thus has not preserved this issue for appeal. Vorbeck v. Betancourt, 107 So. 3d 1142, 1147-48 (Fla. 3d DCA 2012). Moreover, Pakonis has failed to demonstrate that either offer of judgment was improperly made or filed. Frosti v. Creel, 979 So. 2d 912, 916 (Fla. 2008), Mills v. Martinez, 909 So. 2d 340, 344 (Fla. 5th DCA 2005). We affirm the trial court's award of attorney's fees to Lee and Graves on the same grounds.

Affirmed.