# Third District Court of Appeal

## State of Florida

Opinion filed January 7, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1317
Lower Tribunal No. 20-24860-CA-01
_____

**Tania Medina,**
Appellant,

vs.

**Casino Miami, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellant.

Kubicki Draper, and Barbara E. Fox, for appellee.

Before MILLER, LOBREE, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Emmons v. Baptist Hosp., 478 So. 2d 440, 442 (Fla. 1st DCA 1985) ("[I]t is fundamental that the mere occurrence of an accident does not give rise to an inference of negligence and that the plaintiff must show that the condition complained of was an unreasonable hazard."); Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782 (Fla. 1965) ("To defeat a motion which is supported by evidence which reveals no genuine issue, it is not sufficient for the opposing party merely to assert that an issue does exist."); McFadden v. Fiori, 488 So. 2d 92, 93 (Fla. 5th DCA 1986) (reversing judgment and ordering a directed verdict to be entered in defendant's favor due to plaintiff's failure to present any evidence to establish that the throw rug constituted a dangerous condition); Powell v. Riverside Hosp. Inc., 702 So. 2d 308, 308 (Fla. 5th DCA 1997) (affirming defense motion for directed verdict because plaintiff failed to establish a dangerous condition existed as she "repeatedly stated that she did not know what happened" and provided no evidence to show that the "surface was unreasonably dangerous or that any condition on the stairs caused [her] to fall"); Gomez v. Plasencia, 522 So. 2d 423, 423 (Fla. 3d DCA 1998) (affirming final summary judgment for defendants as plaintiff fell solely because she did not notice the difference in floor levels of a home she was inspecting as an invitee rather than defendants' negligence); Wilson-Greene v. City of Miami, 208 So. 3d 1271,

2

1275 (Fla. 3d DCA 2017) ("Although it is true that a non-moving party to a summary judgment motion may set forth a genuine issue of material fact through 'justifiable inferences from facts presented to the trial court,' the stacking of inferences is not permitted." (citation omitted)); Nielsen v. City of Sarasota, 117 So. 2d 731, 733 (Fla. 1960) ("[I]f a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences."); Publix Super Markets, Inc. v. Bellaiche, 245 So. 3d 873, 876 (Fla. 3d DCA 2018) (noting that a trier of fact may not stack inferences to determine that a party had actual knowledge of a dangerous condition, nor is the mere possibility of causation sufficient to establish liability); Gisela Invs., N.V. v. Liberty Mut. Ins. Co., 452 So. 2d 1056, 1057 (Fla. 3d DCA 1984) ("We will not affirm the summary judgment entered herein on an alternative factual ground which was not specifically asserted by motion or argued to the trial court, and which was not supported by any evidence at the time of the hearing on the motion for summary judgment.").