WALDEN, Chief Judge.
This negligence suit was terminated by a summary final judgment entered in favor of the defendants. Plaintiffs appeal. We reverse.
The single appellate issue is whether the record discloses an absence of any genuine issue of material fact so as to entitle defendants to summary judgment upon , their motion as a matter of law. F.R.C.P. 1.510(c), 31 F.S.A. In the beginning we are mindful of the long established rule that the movant not only admits the basic facts established that are favorable to the adverse party, but also every conclusion or inference favorable to the adversary that might reasonably be inferred from the evidence.
While walking upon defendant’s fishing dock one day, plaintiff, Sarah Belflower, stepped upon a rotten and decayed plank. It gave way causing her leg to plunge through the wooden decking. She suffered personal injuries as a result.
It is conceded by the parties for the purpose of this appeal that Mrs. Bel-flower occupied the status of a business invitee. The duty, therefore, owed by defendants was to maintain the premises in a reasonably safe condition and to warn of latent dangers of which the defendants might reasonably have known but which were not apparent to the invitee.[1]
Mrs. Belflower, joined by her husband, alleged in the complaint that certain dock planking had rotted or decayed from the underside; that this was a dangerous condition which was known, or should have been known, to defendants; and that the condition was unknown to Mrs. Belflower. Affidavits of three witnesses, including Mrs. Belflower, related that, despite the strong and safe appearance of the dock, Mrs. Belflower’s leg had plunged through •a “rotten or decayed plank.” In other words, plaintiffs maintain that the applicable duty was breached by the failure of the defendants to replace or to warn of the rotten plank in the dock.
To support their motion for summary judgment the defendants filed affidavits to the effect that the dock had been repaired and inspected some days prior to the event in question, and that no defect was found.
A summary proceeding is not a trial by affidavit and we believe that the question of negligence was one to be determined by a jury. It hinges on whether the planking was defective and, if so, whether the inspection which was made was reasonable under the circumstances.[2]
*258 The positions asserted by the parties are incompatible and, as such, create a genuine issue which bars summary judgment. The existence of the rotten plank is not reconcilable with a recent reasonable inspection. Was the inspection reasonable which failed to disclose the defect? Should defendants have known of the condition and either replaced the plank or warned Mrs. Bel-flower of it? These questions can properly be answered only by a jury, it being entitled to weigh the evidence in the light of common sense and every day experience. They cannot be answered in summary proceeding because the inferences favorable to plaintiff make it permissible to resolve the issues against the defendants and to find that a reasonable inspection would have revealed the decayed plank.
The appealed judgment is reversed and the cause remanded.
Reversed.
CROSS and McCAIN, JJ., concur.

. See generally 23 Fla.Jur., Negligence, § 45 and cases cited therein.

. See King v. Cooney-Eckstein Co., 1913, 66 Fla. 246, 63 So. 659; Schneider v. K.S.B. Realty & Investing Corp., Fla. App.1961, 128 So.2d 398.