OWEN, Judge.
Plaintiff appeals from summary final judgment entered in favor of defendant, Eastern Steamship Lines, Inc. The record upon which the moving party relied does not meet the Holl[1] standard and we therefore hold that the entry of such summary final judgment was error.
Plaintiff’s amended complaint alleges in substance that she was a paying passenger on the vessel S. S. Ariadne and when she attempted to sit in a deck chair furnished to her, the same collapsed because of its defective condition, thereby causing her personal injuries; that the defendant Eastern Steamship Lines, Inc. and the defendant Ariadne Shipping Co., Ltd., jointly or severally owned, operated, maintained and controlled the vessels which was operated by the defendants, either jointly or severally, as a cruise ship catering to passengers for Caribbean and Bahamian cruises; Count I of the amended complaint alleged that defendants were negligent in maintaining this part of the ship’s equipment, and Count II alleged that the defendants breached their contract with plaintiff to. transport her in a safe and competent manner and to provide her with safe facilities. Apparently service was not made on the defendant, Ariadne Shipping Co., Ltd., but appellee, Eastern Steamship Lines, Inc. filed responsive pleadings consisting of an answer denying the allegations of Count I as pertaining toi it, and certain motions addressed to the remaining counts of the amended complaint. The only evidence before the court on appellee’s motion for summary judgment was the affidavit of one T. F. Kane, vice president of appellee corporation, and his deposition taken subsequently by the plaintiff.
From the deposition it is clear that appellee did not own the vessel and ap-pellee’s vice president stated that appellee neither operated nor controlled the vessel. However, the deposition established that the appellee scheduled the cruises, selected the ports of call of the cruises and the dates and times of arrival and departure, established the prices to be charged for such cruises, and handled all advertsing and dealing with travel agents and bureaus for the sale of tickets, reservations, and distribution of literature and brochures for said cruises; furthermore, appellee pro *74 cured and hired all personnel to be used aboard the ship, and appellee retained under its control all funds received from the sale of tickets for the account of the owner, from which funds appellee paid all ship personnel, and paid all bills for food, fuel, repairs, dockage and any other expenses for operation of the ship. While ownership clearly was shown to be in Ariadne Shipping Co., Ltd., the foregoing facts would justify an inference that appellee to some extent did operate, maintain and control the ship, an inference which might result in the appellee incurring liability.
The probative weight or sufficiency of this inference is an issue to be resolved at trial. The purpose of a summary judgment proceeding is to determine the existence or absence of material issues of fact and is not designed as a trial by affidavit[2] or deposition.
Reversed.
WALDEN, C. J., and DOWNEY, JAMES C., Associate Judge, concur.

. Holl v. Talcott, Fla.1966, 191 So.2d 40.

. Belflower v. Risner, Fla.App.1968, 206 So.2d 256.