MANN, Judge.
Out of an abundance of fairness to the plaintiff the able judge before whom this slip-and-fall case was tried allowed it to go to the jury and entered judgment on its verdict, though he expressed to counsel reservations about the lack of evidence to prove negligence.
Appellee fell at the Jacksonville railroad terminal while walking down a ramp which descended 10 feet over a distance of 90 feet. A handrail was available in the middle of the ramp. There was no foreign substance on the walk.
We have searched the record in vain for some negligence on defendant’s part. The absence of a handrail on the side wall cannot itself constitute negligence in the construction of this ramp when another handrail was available to anyone who needed it. Fowler v. Terminal R.R. Ass’n of St. Louis, 372 S.W.2d 497 (Mo.Ct.App.1963); Stowe v. Gallant-Belk Co., 107 Ga.App. 80, 129 S.E.2d 196 (1962); Darrach v. Trustees of San Francisco County Medical Ass’n, 121 Cal.App.2d 362, 263 P.2d 469 (1953).
Accordingly, this cause must be reversed and remanded for entry of judgment for the defendant.
LILES, C. J., and HOBSON, J., concur.