219 So.2d 72 (1969)
George PARTELOW, Sr., and Marguerite Partelow, Husband and Wife, Appellants,
v.
Lillian C. EDGAR d/b/a Marion's Dress Shop, Appellee.
No. 1644.
District Court of Appeal of Florida. Fourth District.
February 27, 1969.
Larry Klein of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellants.
Frank R. Pound, Jr., of Howell, Kirby, Montgomery, Sands & D'Aiuto, Rockledge, for appellee.
WALDEN, Chief Judge.
This appeal is from a final judgment entered upon a directed verdict in favor of the defendant in a slip and fall case. Plaintiff, Marguerite Partelow, came to defendant's dress shop to make a payment on an *73 item purchased on a lay-away plan. She entered the store, slipped on the terrazzo floor, fell and injured her back.
At the conclusion of plaintiff's presentation the trial court granted defendant's motion for directed verdict, holding thereby that plaintiff had failed to make out a prima facie case of negligence. We agree and therefore affirm.
No question exists but that Mrs. Partelow occupied the status of a business invitee. Defendant owed to her a duty to maintain the premises in a reasonably safe condition and a further duty to warn of latent dangers of which she knew or might reasonably have known but which were not apparent to the invitee. Belflower v. Risher, Fla.App. 1968, 206 So.2d 256. Had a breach of these duties been shown, defendant would be liable for any resulting injuries absent contributory negligence. Conversely, where no breach of duty is shown, liability cannot result. An owner of property is not an insurer of the safety of those who come upon his property. Nor is he required to maintain the property in such a manner that an accident could not possibly happen. Night Racing Ass'n, Inc. v. Green, Fla. 1954, 71 So.2d 500; Maury v. City Stores Co., Fla.App. 1968, 214 So.2d 776.
Before examining the record in detail, it may prove of value to point out what evidence is not present in this case. The floor was not shown to have been maintained in other than a normal and proper manner, Ladenson v. Eder, Fla. 1967, 195 So.2d 211; no evidence was presented that a foreign substance had been applied to the terrazzo, Fritts v. Collins, Fla.App. 1962, 144 So.2d 850; nor was Mrs. Partelow's fall caused by any defect occurring through wear or the passage of time, Maas Bros., Inc. v. Bishop, Fla.App. 1967, 204 So.2d 16.
In fact, Mrs. Partelow testified that following her fall she saw nothing unusual about the floor, and that it had no accumulation of foreign substance or skid marks on it.
Plaintiffs, however, rely on the following evidence for reversal.
Mrs. Partelow testified that she was told upon entering the store before her fall, and after her fall that the floor was slippery. She described the floor as "just a highly polished floor" that "looked almost like glass" to her. Defendant, Lillian Edgar, testified that one of her employees who suffered from a back problem had remarked that the floor was slippery when she wore high heels.
Finally, there was testimony that Mrs. Edgar's mother "might" have made some comment three weeks prior to plaintiff's fall that there was at that time too much wax on the floor and therefore she was mopping up the excess.
In our view this record falls far short of establishing a case of negligence against defendant. To permit this case to proceed to a jury the trial court would have had either to ignore those cases holding that a landowner is not an insurer of the safety of persons upon his land, or on the other hand, to hold that a properly maintained terrazzo floor, alleged to be slippery, establishes a case of negligence sufficient to withstand a motion for directed verdict. The proper course was the one taken, to direct a verdict in favor of defendant.
Plaintiffs strongly urge that a reversal is required by the Supreme Court decision in Ladenson v. Eder, supra. In Ladenson, the evidence was that a sealer had made the floor slippery while disguising that fact beneath a dull finish. The Supreme Court held a summary judgment improper, concluding that:
"We do not believe it is correct to conclude slippery terrazzo floors as such may not constitute dangerous hazards giving rise to liability under any set of circumstances."
But neither is it correct to conclude, as plaintiffs seem to, that slippery terrazzo *74 floors always constitute dangerous hazards, thus giving rise to liability under any set of circumstances. In the absence of a showing of some negligence on the part of defendant, there can be no liability. See Seaboard Coast Line R.R. Co. v. Bell, Fla. App. 1968, 212 So.2d 358, and Commercial Credit Corp. v. Varn, Fla.App. 1959, 108 So.2d 638.
Accordingly, the judgment appealed is
Affirmed.
REED, J., and MURPHREE, JOHN A.H., Associate Judge, concur.