PER CURIAM.
Appellant, plaintiff below, Maude V. Roberts, seeks review of an adverse final judgment entered pursuant to a motion for directed verdict at the close of plaintiff’s case on the ground that plaintiff was guilty of contributory negligence. Plaintiff sued her landlord, appellee Jack L. Burkette, and his insurer, appellee Liberty Mutual Insurance Company, for a slip and fall on a carpeted, interior stairway in a common area occasioned by the landlord’s maintaining a nuisance and for his negligence. We find no reversible error and affirm.
Plaintiff, about 85 years old at the time of the accident, slipped and fell on the last stair while descending the interior, carpeted stairs of the apartment building where she had lived in an upstairs apartment for about two or three years. Two theories were advanced: the stairway was negligently maintained and a nuisance, and the landowner was guilty of negligence in violating the South Florida Building Code, Ch. 8, Code of Metropolitan Dade County. The house was built before 1936, and the Code was first enacted in 1957. The defect alleged was that the handrail ended before the last step, and that it ended in a large, high rectangular pillar topped by a flat, slippery rectangular ornament, so that it could not be grasped easily. Cf., Partelow v. Edgar, Fla.App.1969, 219 So.2d 72.
We agree with the trial court’s finding that the plaintiff was contributorily negligent as a matter of law. See Joskowitz v. Holtman, Fla.App.1961, 134 So.2d 265; see generally, "Annotation,” 25 A.L.R.2d 444 (1952).
The parties contest, and the record is not clear, as to whether the ordinance, supra, was actually introduced in evidence. We do not have to deal with this conflict because we are holding that the trial court was correct in ruling that the plaintiff was guilty of contributory negligence as a matter of law.
Appellant’s second point is that the trial court erred in refusing to admit into evidence proof of hospital and medical expenses incurred by the plaintiff but paid in her behalf by a collateral source. The bills in question for ambulance, hospital, and other medical services had not been paid by the plaintiff herself, but by an agency of the local government and medicare. We expressly decline to pass upon this point, as our decision does not require that we reach such question.
*136 We have considered the appellant’s last point and find it to be without merit.
For the reasons stated, the judgment is affirmed.
Affirmed.
HENDRY, J., dissents.