PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings. On this record, we conclude that there are genuine issues of material fact as to (a) whether the defendants herein had constructive notice of a dangerous condition (“something slippery”) on the deck of the subject cruise ship, were negligent in failing to correct it, and are therefore liable for any damages sustained when the plaintiff slipped on this slippery substance and fell, and (b) whether the defendants herein exercised sufficient control over the subject cruise ship as to be responsible for the plaintiffs injuries allegedly sustained in this case. This being so, summary judgment was entirely inappropriate in this case. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Eastern Steamship Corp. v. Egan, 246 So.2d 609 (Fla. 3d DCA 1971), writ discharged, 261 So.2d 133 (Fla.1972); McCauley v. Eastern Steamship Lines, Inc., 211 So.2d 72 (Fla. 4th DCA 1968); Fla.R.Civ.P. 1.510(c).
Reversed and remanded.