PER CURIAM.
This is an appeal from a final summary judgment imposing personal liability upon the appellant for accelerated rent due under a lease agreement which the appellant purportedly executed on behalf of a professional association. Although the named professional association utilized by the appellant on the lease agreement was not a duly incorporated entity, the appellant maintained that the parties understood that it was merely an abbreviated name for appellant’s duly incorporated entity. The appellee, however, counters that at all times, its lease agreement was with the appellant solely as an individual and that in any event, where the appellant knowingly executed a contract on behalf of a non-incorporated entity, the appellant was individually liable as a matter of law. See § 607.0204, Fla.Stat. (1993); Royal Dev. and Management Corp. v. Guardian 50/50 Fund V, Ltd., 583 So.2d 403, 405, (Fla. 3d DCA 1991) (holding individual who signed contract on behalf of a corporation is individually liable where he knew corporation was not incorporated at the time the contract was executed).
Contrary to the appellee’s assertion, our court has not construed section 607.0204, formerly section 607.397, to require the automatic imposition of personal liability upon an individual who executes a contract on behalf of a nonexistent corporation. See Harry Rich Corp. v. Feinberg, 518 So.2d 377, 380 (Fla. 3d DCA 1987). In Harry Rich, we approved of the fifth district’s construction of then section 607.397 in Mobil Oil Corp. v. Thoss, 385 So.2d 726 (Fla. 5th DCA 1980), which held that in order for a creditor to recover from an individual who has purportedly acted on behalf of a nonexistent corporation, the creditor must prove that the individual knew or should have known of the corporation’s nonexistence when he or she so acted. Harry Rich, 518 So.2d at 380. Given the genuine factual dispute between the parties in this case as to whether or not the appellee’s lease agreement was with the appellant individually or his corporate entity, we conclude that the lower court erred in entering summary judgment finding the appellant individually liable as a matter of law. Accordingly, we reverse and remand for further proceedings.
Reversed.
GERSTEN and GREEN, JJ., concur.