902 So.2d 901 (2005)
LOUIE'S OYSTER, INC., Appellant,
v.
VILLAGGIO DI LAS OLAS, INC., Appellee.
Nos. 4D04-2711, 4D04-3574.
District Court of Appeal of Florida, Fourth District.
June 1, 2005.
James K. Pedley, Fort Lauderdale, for appellant.
Richard G. Coker, Jr. of Coker & Feiner, Fort Lauderdale, for appellee.
BROWN, LUCY CHERNOW, Associate Judge.
For the third time, this commercial lease dispute finds its way to this Court. In Villaggio Di Las Olas, Inc. v. Louie's Oyster, Inc., 842 So.2d 127 (Fla. 4th DCA 2003) ("Louie I"), this Court affirmed a declaratory judgment in favor of the tenant, Louie's Oyster, Inc. ("Louie's"), finding that the landlord, Villaggio Di Las Olas, Inc. ("Villaggio"), had denied Louie's access to certain portions of the leased premises.
In Villagio Di Las Olas, Inc. v. Louie's Oyster, Inc., 856 So.2d 1009 (Fla. 4th DCA 2003) ("Louie II"), this Court affirmed the trial court's finding that no fraud had been committed by Louie's in connection with the declaratory judgment affirmed in Louie I.
*902 Pursuant to section 86.061, Florida Statutes, Louie's then sought damages to recover the money it lost as a result of the landlord's denial of access to the full leasehold premises. Louie's sought loss of use and loss of profits damages which it alleged were caused by Villaggio's breach.
The parties proceeded with pretrial discovery. Villaggio then filed its Motion for Summary Judgment, and moved the Court to strike the affidavits filed by two of Louie's witnesses, Karmin and Woltin, and to strike Louie's damage calculation summaries. The trial judge granted the motions, struck the affidavits and summaries, and entered summary judgment in favor of Villaggio. Louie's now appeals these orders.
We find that the trial court erred in striking the affidavits and damage summaries. Contrary to the trial court's finding, the witness' affidavits do not contradict the deposition testimony of the witnesses. Viewed in the light most favorable to Louie's, the depositions and affidavits proffered by Louie's constituted sufficient evidence of damages to support its claim as a matter of law. If lost profits can be established with reasonable certainty, they are allowed. Massey-Ferguson, Inc. v. Santa Rosa Tractor Co., Inc., 415 So.2d 865, 867 (Fla. 1st DCA 1982).
We reverse the summary judgment because there is a clear material issue of disputed fact. Villaggio's breach of the lease was established by Louie I as the law of this case. Consequently, the exact dollar amount necessary to compensate Louie's for any damages caused by the breach now constitutes a material factual dispute which precludes summary judgment.
Villaggio's argument that its tenant should not be allowed to claim damages on two different theories lacks merit. We find the tenant is entitled to seek damages by alternate theories so long as the judgment does not result in a double recovery for the same wrong. Kelsey v. Pewthers, 685 So.2d 953, 956 (Fla. 4th DCA 1997).
Reversed and remanded.
Reversed.
FARMER, C.J. and STEVENSON, J., concur.