HAZOURI, J.
The trial court granted the Appellees’ (Gary D. Carroll and April Carroll) motion for summaiy judgment. On appeal, the Appellants, Palm Beach Pain Management and Anthony Rogers, contend that: (1) summary judgment was improper; and (2) the trial court erred when it denied a motion to disqualify the Carrolls’ attorney. We agree that the summary judgment was improper and reverse; however, we affirm point (2), as the trial court did not abuse its discretion in denying the motion to disqualify.
Gary D. Carroll owned all of the stock in, and was the President and CEO of, Palm Beach Pain Management, Inc., a Florida Corporation. Carroll and Rogers entered into an agreement whereby they agreed that Rogers would receive a base contractor’s fee from PBPM of $250,000 and a year-end bonus of fifty percent (50%) of net profits. Approximately a year and a half later, Carroll and Rogers entered into a second agreement, where Rogers was to receive 50% of PBPM’s shares of stock. The second agreement had a termination provision which stated that Carroll and Rogers agreed to relinquish, waive, and forfeit any and all benefits whatsoever retained by them under the first agreement. The provision also stated that the first agreement was terminated and canceled, effective immediately.
During the time that the first agreement was operative, Carroll and his wife, April, opened two checking accounts. It is alleged that the accounts named only the Carrolls as authorized signatories. The money deposited into these bank accounts by the Carrolls related to services provided by PBPM. However, the money deposited into these two accounts was not accounted for by PBPM. Rogers claims he received no payments for a share of the money deposited into these accounts, and that the funds in both accounts were withdrawn by the Carrolls for personal use. Due to this alleged conduct, Rogers and PBPM filed a claim against the Carrolls for breach of fiduciary duty, civil theft, conversion, and constructive trust.
“The standard of review applicable to orders on summary judgment is de novo.” Lander v. Smith, 906 So.2d 1130, 1132 (Fla. 4th DCA 2005). This Court may reverse a trial court’s grant of summary judgment if it finds that there was a “ ‘genuine issue of material fact,’ ” and that the moving party was not “ ‘entitled to judgment as a matter of law.’ ” Id. (quoting Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 131 (Fla.2000)). The “burden of proving the absence of a genuine issue of material fact is upon the moving party.” Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). This burden is shifted to the nonmoving party once “the movant has successfully met his burden.” Id. at 43-44. However, “ ‘[a]ll doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.’ ” Lander, 906 So.2d at 1132 (quoting Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002)).
If a contract’s terms are clear and unambiguous, the “language itself is the best evidence of the parties’ intent and its plain meaning controls,” warranting summary judgment. See Fecteau v. Se. Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991). If, however, there are “two reasonable interpretations” of a contract, “summary judgment is inappropriate because there is a genuine issue of material *1146 fact.” Id. This is because “ ‘[wjhen a contract is ambiguous and the parties suggest different interpretations, the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.’ ” Id. (quoting Bacardi v. Bacardi, 386 So.2d 1201, 1203 (Fla. 3d DCA 1980)).
In this case, the Carrolls contend that the second agreement’s termination provision is clear in that it eliminates the first agreement and any benefits Rogers had under that contract. The Carrolls contend the benefits waived include the right to sue for the misallocation of net profits during the time the first agreement was operative. In contrast, Rogers argues that the provision’s language does not operate to retroactively destroy Rogers’s right to sue for net profits accrued during the time the first agreement was operative. Rather, Rogers contends that the second agreement is an ongoing agreement which terminates any benefits Rogers would have obtained if the second agreement had not been enacted and the first agreement had continued as the operative agreement.
In examining the termination provision’s language, it is clear that the Carrolls’ interpretation, as well as Rogers’s interpretation, is reasonable. As such, there exists an ambiguity regarding this provision’s meaning. As a result, there is a genuine issue of material fact and, accordingly, summary judgment was not an appropriate remedy. We, therefore, reverse the trial court’s grant of summary judgment.

Affirmed in Part; Reversed in Part; Remanded.

POLEN and CIKLIN, JJ., concur.