GALLEN, THOMAS M., Associate Senior Judge.
 

 4 Corners Insurance, Inc. (“4 Corners”), seeks review of the final summary judgment, in which the court determined that 4 Corners was not entitled to any recovery in its action for breach of contract and wrongful eviction against Sun Publications of Florida, Inc. (“Sun Publications”). 4 Corners argues that the trial court erred as a matter of law in determining that it could not prove damages incurred from the breach of contract and wrongful eviction. We reverse because 4 Corners has presented evidence that establishes a genuine issue of material fact regarding whether it incurred damages in this case.
 

 In its second amended complaint, 4 Corners alleged that Sun Publications changed the locks on the leased premises without notice despite 4 Corners’ timely attempt to exercise its right to renew its commercial lease. 4 Corners alleged that this action by Sun Publications constituted a breach of contract and wrongful eviction. 4 Corners acknowledged that it was eventually able to collect its possessions from within but claimed it was forced to relocate to another location. The wrongful eviction claim set forth the following allegations regarding damages:
 

 29. That Plaintiff, 4 CORNERS has been damaged by the intentional acts of Defendants, [Sun Publications], which include employing self-help eviction without complying with the clear statutory requirements provided in Florida Statute Chapter 83.
 

 30. That as a result of the Defendant’s wrongful actions, the Plaintiff was forced to hire the law firm of Blake, Torres & Mildner and pay them reasonable attorney’s fee[s].
 

 31. Plaintiff reserves the right to add a claim for punitive damages in this count upon completion of discovery and leave of court for punitive damages.
 

 The breach of contract claim set forth the following allegations regarding damages:
 

 37. That the Plaintiffs’ damages are as a result of the Defendants^] breach[.]
 

 38. That as a result, Plaintiff, 4 CORNERS has been damaged by loss of business and clientele and incurring attorneys’ fees and costs as a result of
 
 *782
 
 Defendants, [Sun Publications’], breach of the Agreement between the parties. 39. That the Plaintiff paid rent and/or was current in rent when the Defendants changed the locks.
 

 Sun Publications filed a motion for summary judgment, arguing that 4 Corners was unable to establish damages arising from the wrongful eviction and breach of contract claims. Sun Publications also alleged that 4 Corners failed to mitigate its damages by acquiring a new location in the same area. Sun Publications filed two affidavits in support of the motion.
 

 The affidavit of Charles Foss, CPA, attested that 4 Corners had failed to produce any documents that evidenced any loss of income and that the documents produced reflected an increase in revenue. Foss attested that 4 Corners’ gross income increased $141,499 between 2004 and 2005 and $328,121 between 2005 and 2006. Foss claimed that 4 Corners had a net book income of $4032 in 2004, $5957 in 2005, and $146,914 in 2006. Foss also claimed that the net book income plus officer compensation was $44,032 in 2004, $122,462 in 2005, and $166,914 in 2006.
 

 The affidavit of Larry Szrom attested that 4 Corners had failed to prove that it had lost income due to the loss of the rental space at issue because the space was not unique and numerous other potential rental sites existed in the proximate geographic area. Sun Publications also filed income tax returns of 4 Corners, which supported Foss’s claim that 4 Corners’ gross income increased in 2005 and 2006.
 

 4 Corners filed a motion in opposition to the motion for summary judgment that asserted that Sun Publications had miscalculated its gross revenues because it did not consider the cost of premiums. 4 Corners also asserted that the Szrom affidavit did not conclusively rebut its assertion that. comparable rentals were not available. 4 Corners attached the affidavit of its owner, Michael Palanti, in which Palanti attested that 4 Corners had been unable to find a comparable location to rent within the immediate area for the same rental amount and that 4 Corners was damaged financially by the wrongful eviction. Palanti also attested that, according to industry standards, a small business such as 4 Corners should not have merely grown its gross revenues but should have doubled its gross revenues in the first three to five years. Palanti attested that 4 Corners’ revenues did not continue to double after the breach of contract and wrongful eviction. At the hearing on the motion, 4 Corners also argued that it suffered relocation expenses as a result of the breach of contract and wrongful eviction.
 

 The trial court granted the summary judgment motion based on its findings that 4 Corners had not alleged a reasonable basis for damages and that, without a reasonable basis, the jury would not be permitted to speculate as to damages. The court did not expressly rule on the mitigation issue or whether 4 Corners is entitled to relocation expenses. On appeal, 4 Corners argues that the trial court erred as a matter of law in determining that it could not prove damages incurred from the breach of contract and wrongful eviction.
 

 This court reviews an order granting final summary judgment de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Although the trial court did not expressly rule on 4 Corners’ request for relocation expenses, the court must have implicitly determined that 4 Corners did not present sufficient evidence to establish a genuine issue of material fact regarding these damages because it granted final summary judgment in Sun Publications’ favor. We
 
 *783
 
 conclude that there is a genuine issue of material fact regarding whether 4 Corners is entitled to relocation expenses. Specifically, Michael Palanti attested that 4 Corners had been unable to find a comparable location to rent within the immediate area for the same rental amount and that 4 Corners was damaged financially by the wrongful eviction.
 

 As to lost profits damages, we conclude that the trial court erred in determining that 4 Corners had not alleged a reasonable basis for these damages. Damages for lost profits are allowable for a breach of a lease agreement as long as they are established with reasonable certainty. Lou
 
 ie’s Oyster, Inc. v. Villaggio Di Las Olas, Inc.,
 
 902 So.2d 901, 902 (Fla. 4th DCA 2005);
 
 see also U.S. Home Corp. v. Suncoast Utils., Inc.,
 
 454 So.2d 601, 605 (Fla. 2d DCA 1984) (“Damages for lost profits must be reasonably certain and established by competent proof.”). However, a trial judge is not precluded from awarding damages due to an inability to provide an exact amount if the evidence establishes a reasonable basis for the damage award.
 
 Clearwater Assocs. v. Hicks Laundry Equip. Corp.,
 
 433 So.2d 7, 8 (Fla. 2d DCA 1983).
 

 There are differences ... in the degree of certainty with which the inference that profits would have been made can be drawn. Speculative profits are those the evidence of which is so meager or uncertain as to afford no reasonable basis for inference. The rule applicable to profits is in no respect different from that applicable to all gains prevented or losses suffered; it is by proving income and outgo that the amount of any profit is established. The kind and the amount of evidence that will be held to afford a sufficient basis for estimation varies [sic] greatly in different kinds of cases. Doubts are generally resolved against the party committing the breach of contract.
 

 Restatement (First) of Contracts § 331 cmt. c. (1932).
 

 Lost profits are generally proven by one of two methods: (1) the “before and after theory” or (2) the “yardstick test.”
 
 G.M. Brod & Co., Inc. v. U.S. Home Corp.,
 
 759 F.2d 1526, 1538 (11th Cir.1985). The yardstick test is generally used when a business has not been established long enough to compile an earnings record that would sufficiently demonstrate lost profits. This test compares the profits of businesses “that are closely comparable to the plaintiffs.”
 
 Id.
 

 The restatement explains the use of the yardstick test by offering the following illustration:
 

 10. A employs B as master of a whaling ship on a five-year voyage, the compensation to be a share of the net proceeds of oil taken on the voyage. After two years B is wrongfully discharged and at once brings action. Although the earnings of the ship after B’s discharge are contingent and uncertain, B may be able to lay a sufficient basis for their estimation by giving evidence of the conditions and experience in the whaling industry.
 

 Restatement (First) of Contracts § 331 illus. 10 (1932).
 

 What the trial court in this case did was reject 4 Corners’ attempted use of the yardstick test as too speculative. However, 4 Corners has presented evidence that establishes a genuine issue of material fact regarding whether it incurred lost profits damages under this theory. Specifically, the affidavit of Michael Palanti attested that, according to industry standards, 4 Corners’ gross revenues should have done more than simply increase each year; they should have doubled. Palanti also attested
 
 *784
 
 that 4 Corners’ revenues did not continue to double after the breach of contract and wrongful eviction.
 

 While this evidence in itself might not be sufficient to sustain a verdict for lost profits damages, it is sufficient to establish a genuine issue of material fact on the issue.
 
 See Sierra v. Shevin,
 
 767 So.2d 524, 525 (Fla. 3d DCA 2000) (holding that the trial court is precluded from weighing the evidence or ruling on the witnesses’ credibility in ruling on summary judgment). “[T]he merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment.”
 
 Nard, Inc. v. DeVito Contracting & Supply, Inc.,
 
 769 So.2d 1138, 1140 (Fla. 2d DCA 2000).
 

 Accordingly, we reverse the final summary judgment and remand for further proceedings in this matter.
 

 Reversed and remanded.
 

 VILLANTI and CRENSHAW, JJ., Concur.