CIKLIN, J.
E. Qualcom Corporation (“Qualcom”) appeals various summary judgments entered against it in a foreclosure action centered around non-payment of master association assessments owed to Global Commerce Center Association, Inc. (the “Association”). We reverse becáuse the Association failed to meet its burden of proving the absence of genuine issues of material fact with regard to Qualcom’s allegations that it suffered damages as a result of the Association’s failure to provide ■ proper maintenance and upkeep.
The appellant, Qualcom, is a telecommunications company that began doing business in 2003. That same year, Qualcom purchased property in the Global Commerce Center, a commercial building located in Weston, Florida. The appellee, the Association, is the master homeowners’ association for the Global Commerce Center. At the time Qualcom moved into the building, the company was still in its “start-up stage.”
In January 2008, the Association filed a complaint against Qualcom seeking foreclosure against Qualcom for its alleged failure to pay commercial homeowners’ association assessments. Qualcom filed an answer with affirmative defenses and a *350 counterclaim. The counterclaim sought damages- for negligence and breach of contract, stemming from the Association’s alleged failure to .maintain the roof of Qualcom’s unit. According to Qualcom’s counterclaim, the failure to maintain the roof led to water damage that irreparably-damaged Qualcom’s computer hardware and other equipment necessary for Qual-com to carry on its business. More specifically, Qualcom sought damages for loss of personal property, loss of business opportunities, and loss of business income. As an affirmative defense to the Association’s foreclosure and collection action, Qualcom asserted, among other defenses, that it was entitled to a set-off in an amount equal to the damages suffered by Qualcom due to the leaking roof.
In July 2009, after a period of discovery between the, parties, the Association filed a motion for partial summary judgment of foreclosure based on Qualcom’s alleged failure to show proof of payment of any and all assessments allegedly due by Qual-com to .the Association. Additionally, in August 2009, the Association filed a motion for final summary judgment as to Qual-com’s counterclaim asserting that Qualcom had failed to prove damages to a reasonable degree of certainty as a matter of law.
Following a September 2009 hearing, the trial court ■ granted the Association’s motion for partial summary judgment of foreclosure and entered judgment against Qualcom in the amount of $55,200.82 for unpaid assessments, attorney’s fees, and costs. Subsequently, following a hearing on the Association’s motion for final summary judgment on Qualcom’s counterclaim, the trial court granted that motion as well, writing that, “for the reasons stated in the record, as to damages ... there is no issue of material fact in dispute.” Qualcom timely appealed both orders.
Review of an order granting summary judgment is de novo. Gomez v. Fradin, 41 So.3d 1068, 1071 (Fla. 4th DCA 2010). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.” Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002). “The burden of proving the absence of a genuine issue of material fact is upon the. moving party. This burden is shifted to the nonmoving party once the movant has successfully met his burden.” Palm Beach Pain Mgmt., Inc. v. Carroll, 7 So.3d 1144, 1145 (Fla. 4th DCA 2009) (citations and internal quotation marks omitted).
Qualcom argues that the Association, as the moving party, failed to meet its burden of proving the absence of a genuine issue of material fact on Qualcom’s counterclaim. We agree. In support of its claim for damages to personal property, Qualcom produced pictures of damaged equipment as well as various invoices, receipts and proofs of payment evidencing Qualcom’s original purchases for almost all of the damaged equipment. Rather than submitting opposing evidence to show that Qualcom’s personal property suffered no damage or-that the property had ho market value when it was damaged, the Association successfully argued that Qualcom had failed to prove its damages to a reasonable degree of certainty.
Proving its damages to a reasonable degree of certainty, however, was not the standard that Qualcom was required to meet to overcome summary judgment. “Summary judgment may not be used as a *351 substitute for trial. If the affidavits and other evidence raise any doubt as to any issue of material fact then a summary judgment may not be entered.” Cummins v. Allstate Indem. Co., 732 So.2d 380, 382-83 (Fla. 4th DCA 1999).[1]
Qualcom next argues that the trial court erred in granting the Association’s motion for summary judgment on Qual-com’s counterclaim for lost profits. We agree.
The Association argued that since Qualcom had never earned a net profit in its business, any claim for “lost prospective profits” was too speculative. In W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla.1989), the Florida Supreme Court, however, established the standard for the award of lost prospective profits to a business that is not well-established:
A business can recover lost prospective profits regardless of whether it is established or has any “track record.” The party must prove that 1) the defendant’s action caused the damage and 2) there is some standard by which the amount of damages may be adequately determined.
Id. at 1351; see also Fu Sheng Indus. Co. v. T/F Sys., Inc., 690 So.2d 617, 624 (Fla. 4th DCA 1997) (applying the two-part test as defined in W.W. Gay Mechanical Contractor ).
Qualcom produced photographs of water-damaged equipment as well as testimony that the damage led to interruptions in service which in turn led to loss of clients and caused Qualcom to develop a poor reputation among’its target market. This evidence was sufficient to create a genuine issue of material fact with respect to causation, the first requirement under the W.W. Gay test.
The second prong of the W.W. Gay test requires that Qualcom provide “some standard by which the amount of damages may be adequately determined.” W.W. Gay, 545 So.2d at 1351. “Any ‘yardstick’ used to show the amount of profits must be reasonable, and the loss of the profits as a result of the [breach] must be reasonably certain.” Sostchin v. Doll Enters., Inc., 847 So.2d 1123, 1128 (Fla. 3d DCA 2003) (citing Halliburton Co. v. E. Cement Corp., 672 So.2d 844 (Fla. 4th DCA 1996)). An award of damages for lost profits cannot be “based upon speculation or conjecture.” Id.
In 4 Corners Insurance, Inc. v. Sun Publications of Florida, Inc., 5 So.3d 780 (Fla. 2d DCA 2009), the Second District held that the affidavit of the plaintiff corporation’s owner was sufficient to establish a genuine issue of material fact regarding whether the corporation suffered lost profits damages under the yardstick theory. Id. at 783-84. The affidavit attested that, according to industry standards, the plaintiffs gross revenues would have doubled but for the defendant’s wrongful eviction. The court noted that “[w]hile this evidence in itself might not be sufficient to sustain a verdict for lost profits damages, it is sufficient to establish a genuine issue of material fact on the issue.” Id. at 784.
*352 Like the corporate plaintiff in I Comers, Qualcom did in fact provide some standard by which to measure damages. Qualcom produced evidence whereby its president explained the company’s business plan and its “conservative forecast” of having 2200 clients per year with revenues near $7 million in four years. Thus, while Qual-com’s president’s testimony might not be sufficient to sustain a verdict for lost profit damages, it was sufficient to establish a genuine issue of material fact. See id.
The Association points out that Qual-com’s president, acknowledged multiple problems that Qualcom encountered which may also have affected its business income. These obstacles included a computer virus that contaminated Qualcom’s equipment, better prices from competitors, and the impact that the economic downturn had on Qualcom’s customers. These problems, however, do not affect the “yardstick” which could be used' to measure lost profit. Rather, the evidence of these other problems goes to causation, and if anything, just shows that there was an issue of material fact which should have precluded summary judgment on that issue.[2]
The questions of causation and the amount of “lost profit” damages are genuine issues of material fact that remain to be decided by the finder of fact in this case. Thus, the trial court erred in determining that the Association was entitled to summary judgment in its favor as a matter of law with respect to Qualcom’s claim for lost profit damages.
Next, Qualcom argues the trial court erred in granting the Association’s motion for partial final judgment of foreclosure because the trial court failed to address Qualcom’s affirmative defense of set-off for damages incurred due to the Association’s failure to timely repair Qual-com’s roof. We agree.
“In the absence of some proof contradicting an affirmative defense, entry of summary judgment is improper.” Fla. Web Printing, Inc. v. Impact Adver., Inc., 728 So.2d 884, 885 (Fla. 2d DCA 1998). As we explained in Alejandre v. Deutsche Bank Trust Co. Ams., 44 So.3d 1288 (Fla. 4th DCA 2010):
When a party raises affirmative defenses, a summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted. Thus, in order for a plaintiff to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses. In such instances, the burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail.
Id. at 1289. (alterations removed) (citations and internal quotation marks omitted). Set-off is an affirmative defense which precludes summary judgment if the moving party does not “demonstrate that the defendant could not prevail.” See Fla. Web Printing, 723 So.2d at 885 (“The trial court erred in granting [the counterplaintiffs] *353 motion for partial summary judgment without addressing [the counterdefen-dant’s] affirmative defense of damages ... which could, and did, offset the amount awarded by the summary judgment.”).
Here, Qualcom raised the affirmative defense of set-off based on- its allegations that the Association had a duty to maintain the roof of Qualcom’s building,, and that failure to maintain the roof caused damages to Qualcom’s personal property and business opportunities. This set-off is based on the same operative facts and legal principles as Qualcom’s counterclaim for damages. As stated above, however, there are issues of material fact that remain "with respect to Qualcom’s counterclaim. Thus, as “there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted,” the partial summary judgment of foreclosure should not have been granted. See Alejandre, 44 So.3d at 1289.
Sometime after filing its notice of appeal, Qualcom paid the $55,200.82 judgment in order to avoid the sale of its property. The Association argues that Qualcom waived its right to appeal the partial summary judgment of foreclosure by paying the judgment. We disagree. Where a party pays an adverse money judgment to avoid a forced sale of property, the payment is deemed “involuntary” and the payment does not result in a waiver of the right to appeal the judgment. See Whipple v. JSZ Fin. Co., 717 So.2d 608, 609 (Fla. 4th DCA 1998); Ronette Commc’ns Corp. v. Lopez, 475 So.2d 1360, 1360 (Fla. 5th DCA 1985).
While this appeal was pending, the trial court granted a satisfaction of judgment. On remand, the trial court must vacate the satisfaction of judgment as the trial court was without jurisdiction to enter the satisfaction while this appeal was pending. See Spencer v. DiGiacomo, 56 So.3d 92 (Fla. 4th DCA 2011).
Accordingly, we reverse the final summary judgment against Qualcom on its counterclaim; we reverse the partial summary judgment of foreclosure in favor of the Association; we order the trial court to vacate the satisfaction of judgment; and we remand for further proceedings consistent with this opinion.

Reversed and'remanded for further proceedings consistent with this opinion.

POLEN and HAZOURI, JJ., concur:

.. We also note that at the hearing on the Association’s motion for summary judgment on Qualcom’s counterclaim, the trial court indicated that it was awarding summary judgment in favor of the Association because Qualcom had failed to identify in advance, pursuant to Florida Rule of Civil Procedure 1.510(c), any evidence on which it would rely in opposition to the motion for summary judgment. Qualcom, however, as the non-moving party did not have to present. any evidence to prevail at summary judgment because the Association did not first meet its burden of proving that there were no genuine issues of material fact. Thus, entry of summary judgment on this issue was improper.

. The record shows that Qualcom actually did have a track record with respect to some of the "lost profit” that it is claiming. For example, Qualcom contends that it had two tenants that abandoned the property because of the leaking roof before the terms of their contracts with Qualcom expired. Qualcom claims that it lost nearly $250,000 in unpaid rents because these tenants left. If Qualcom ultimately proves that the tenants abandoned the property because of the Association’s failure to promptly fix the damaged roof, the measurement of damages would be "reasonably certain.” See Sostchin, 847 So.2d at 1128.