IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHARLES E. HAWTHORNE, JR.,

        Appellant/Cross-Appellee,

v.

DOUGLAS S. LYONS AND
MARSHA L. LYONS,

        Appellees/Cross-
Appellants.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2759

_____/

Opinion filed June 13, 2016.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

Steven E. Sellers and Laurie T. Dodson of Dudley, Sellers & Healy, P.L.,
Tallahassee, for Appellant/Cross-Appellee.

Marsha L. Lyons of Lyons & Farrar, P.A., Tallahassee, for Appellees/Cross-
Appellants.

PER CURIAM.

        Charles E. Hawthorne, Jr. challenges the trial court's entry of summary

judgment in favor of Douglas and Marsha Lyons on multiple grounds. The Lyonses

also challenge the entry of the summary judgment order on cross-appeal. Because

we reverse the order granting summary judgment, we decline to address the issues raised on cross-appeal.

This litigation arises from a failed partnership between Hawthorne and the Lyonses. The parties jointly owned a rental property until, without the Lyonses' knowledge, Hawthorne encumbered the property with a home equity loan and subsequently allowed the property to go into foreclosure. As a result of the foreclosure, the Lyonses filed a complaint against Hawthorne alleging a claim for civil theft, among other causes of actions. Hawthorne filed an answer denying the material allegations in the complaint; however, due to his failure to respond to numerous discovery requests, the trial court ultimately deemed admitted all of the factual allegations contained in the complaint. The Lyonses relied on these admissions when they moved for summary judgment. After a hearing on the motion, at which Hawthorne failed to appear, the trial court entered summary judgment on the claim of civil theft. Hawthorne asserts that multiple errors occurred below, including that the trial court erred in entering summary judgment in favor of the Lyonses.

We review the trial court's decision to grant summary judgment de novo. Mills v. State Farm Mut. Auto. Ins. Co., 27 So. 3d 95, 96 (Fla. 1st DCA 2009). The party moving for summary judgment must conclusively show the absence of a genuine issue of material fact and the court must draw every possible inference in

2

favor of the non-moving party. Villanueva v. Reynolds, Smith & Hills, Inc., 159 So. 3d 200, 203 (Fla. 5th DCA 2015). The party moving for summary judgment bears the initial burden of demonstrating by competent evidence the non-existence of any question of material fact. Palm Beach Pain Mgmt., Inc. v. Carroll, 7 So. 3d 1144, 1145 (Fla. 4th DCA 2009). It is only when the moving party has satisfied this burden that the burden shifts to the non-moving party to come forward with evidence to the contrary. Id.

"To prevail on an action for civil theft, the plaintiff must prove that the defendant (1) knowingly; (2) obtained or used, or endeavored to obtain or use, the plaintiff's property; (3) with felonious intent; (4) to deprive plaintiff of its right to or a benefit from the property or appropriate the property to the defendant's own use or to the use of a person not entitled to the use of the property." Howard v. Murray, 184 So. 3d 1155, 1168 n.24 (Fla. 1st DCA 2015). Here, the factual allegations contained in the complaint that were deemed admitted were insufficient to establish all of the elements of civil theft. The complaint did not contain an allegation that the Lyonses and Hawthorne had agreed that the rental payments would be used to pay the mortgage on the rental property nor that Hawthorne acted knowingly or with criminal intent when he failed to use the rental payments to pay the mortgage. Accordingly, because there was insufficient evidence to support a finding of civil theft, the trial court erred when it entered the order granting summary judgment in

3

favor of the Lyonses.  We reverse this order, but we decline to address the other issues raised on appeal and cross-appeal because, in light of the reversal of the summary judgment, they are unnecessary to the determination of this appeal.

REVERSED and REMANDED.

ROWE, MAKAR, and BILBREY, JJ., CONCUR.