DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVANT CAPITAL, LLC,** d/b/a
**AVANT RECOVERY FUND,**
Appellant,

v.

**ELSA GOMEZ,**
Appellee.

No. 4D17-1014

[September 20, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 56-2016-CA-000145.

Mark A. Levy of Brinkley Morgan, Fort Lauderdale, for appellant.

No brief filed for appellee.

LEVINE, J.

The issue presented for our review is whether the omission of the word "Corporation" from the lender's name on the promissory note rendered the note invalid. We find that the trial court erred in granting summary judgment because of this omission and incorrectly found the note invalid as a matter of law. We reverse the summary judgment.

Avant Capital filed a complaint against appellee for breach of a promissory note. The complaint alleged that appellee and Providian Mortgage of South Florida entered into a loan which was ultimately transferred and assigned to Avant Capital. Avant Capital claimed that it was the owner and holder of the note and in possession of the original note.

The copy of the note attached to the complaint listed Providian Mortgage of South Florida as the lender. An allonge to the note contained an endorsement by Providian Mortgage of South Florida to American Brokers Conduit who, in turn, endorsed the note to Trinity Financial Services. A second allonge contained an endorsement by Trinity Financial

to Avant Capital.

Appellee moved for summary judgment, arguing that Avant Capital lacked standing because "Providian Mortgage of South Florida" was a nonexistent entity. Appellee submitted certificates from the Florida Department of State and Florida Office of Financial Regulation in support. Appellee argued that the note and mortgage were void and that endorsements from a nonexistent entity are a nullity.

In opposition to the motion, Avant Capital submitted a certificate from the Florida Office of Financial Regulation showing that a mortgage broker license existed for "Providian Mortgage **Corporation** of South Florida." (emphasis added).

The trial court entered summary judgment and dismissed the complaint, stating:

> A party's rights that flow from another, are limited to those rights the original party possesses. The original party pled throughout this case by the plaintiff, "Providian Mortgage of South Florida," does not exist. Assignment of rights originating from a nonexistent entity is no assignment at all. Because the party pled concededly did not exist, plaintiff has no standing to enforce the claimed rights of what was conceded to be a nonexistent entity.

An order granting summary judgment is reviewed de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* "All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available." *E. Qualcom Corp. v. Glob. Commerce Ctr. Ass'n*, 59 So. 3d 347, 350 (Fla. 4th DCA 2011) (citation omitted).

We find that the trial court erred in entering summary judgment based entirely on the omission of the word "Corporation" from the original lender's name. We note that section 694.12, Florida Statutes (2017), provides:

> All deeds of conveyance, bills of sale, mortgages, or other transfers of real or personal property within the limits of this state, heretofore made and received bona fide and upon good consideration by any corporation, or to any corporation, in

2

which the name of said corporation shall be incorrectly set out in such deed, bill of sale, mortgage or other instrument by omitting a word from the corporate name, or by adding a word thereto, or by misspelling any part of the name of said corporation, and the identity of said corporation shall plainly appear from the contents of said instrument, or otherwise, such deed, bill of sale, mortgage or other instrument, shall be taken and deemed valid and effectual as though the name of said corporation were correctly set out in said deed, bill of sale, mortgage or other instrument, and the same shall, notwithstanding such irregularity or defect, be deemed and taken as properly executed.

"[S]light departures from the name used by the corporation, such as the omission of a part of its name or the inclusion of additional words, generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence." *Presley v. Ponce Plaza Assocs.*, 723 So. 2d 328, 330 (Fla. 3d DCA 1998) (Cope, J., specially concurring) (emphasis omitted) (citing 6 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 2444, at 156-58 (perm. ed. rev. vol. 1996)). *See also Sweet v. Ranger Realty Co.*, 146 So. 199, 200 (Fla. 1933) (affirming denial of motion to dismiss suit brought to foreclose a tax certificate issued to "Covington Bank & Trust Company" instead of "Covington Trust and Banking Company"); *accord Laws v. Ranger Realty Co.*, 148 So. 583, 583 (Fla. 1933).

In the instant case, omission of the word "Corporation" from Providian's name on the note did not affect the validity of the loan or Providian's endorsement because, taking the evidence in the light most favorable to the non-moving party, one could identify Providian Mortgage of South Florida as being the same entity as Providian Mortgage Corporation of South Florida. Because this issue of material fact remained, the trial court erred in finding as a matter of law that the two entities could not be the same. As such, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

GERBER, C.J., and CIKLIN, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

3