DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMMY CAMPBELL,**
Appellant,

v.

**JERRY A. RIGGS SR.,**
and **ATTORNEYS' TITLE INSURANCE FUND, INC.,**
Appellees.

No. 4D19-2327

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE 06-009174.

Claudia Pastorius of Claudia T. Pastorius, P.A., Melbourne, for appellant.

Samuel D. Lopez of Samuel D. Lopez, P.A., Southwest Ranches, for appellee Jerry A. Riggs Sr.

LEVINE, C.J.

A former employee appeals a final summary judgment in favor of her former employer on his civil theft claim. We find that disputed issues of material fact exist, and as such, we reverse and remand for further proceedings.

Attorneys' Title Insurance Fund, Inc., filed an amended complaint against attorney Jerry Riggs Sr. alleging that while acting as closing agent for the sale of real property in Miami, Riggs failed to satisfy the bank's lien with funds from the closing. As a result, the property was sold at a foreclosure sale. The individuals who had purchased the property filed a claim with Attorneys' Title Insurance Fund, who then paid a $124,055.38 judgment held by the bank. Riggs was subsequently suspended from the practice of law.

Riggs filed an answer and affirmative defenses, alleging that the failure to pay the bank lien was in fact due to the theft of funds by his employee,

Tammy Campbell. Riggs subsequently filed a lawsuit against Campbell, which was consolidated with Attorneys' Title Insurance Fund's lawsuit against Riggs. Attorneys' Title Insurance Fund and Riggs resolved their lawsuit in a joint stipulation, and Riggs's lawsuit against Campbell remained pending.

Riggs's amended complaint against Campbell alleged that she stole $84,071.40 from his trust account by disguising the funds as proceeds from the refinancing of her home. Riggs alleged that Campbell forged his signature on checks and a wire transfer and used the stolen funds to make mortgage payments on her residence. A second amended complaint alleged that Campbell sold her residence and purchased a new property, which she transferred to a relative. The second amended complaint added the relative as a defendant and sought an equitable lien on the relative's property.

Campbell filed an answer denying the allegations and raising several affirmative defenses, including unclean hands because Riggs had been disbarred and the supreme court found him responsible for missing funds from the trust account; failure to mitigate damages because any missing trust account funds was due to Riggs's own accounting errors, malfeasance, and/or misconduct; and ratification because Riggs ratified and approved all withdrawals made by Campbell. In response to requests for discovery, Campbell stated that she lacked personal knowledge regarding the sale of the Miami property, as she was not involved in the closing.

Riggs moved for summary judgment, submitting numerous documents, including his trust account bank statements, copies of the allegedly forged checks, a chart of transactions of checks and wire transfers from his trust account that were allegedly forged, affidavits from himself, a probable cause affidavit from a detective, and sworn statements given to the detective, among other documents. Riggs did not submit any documents indicating that Campbell was ever charged with any crimes.

Campbell filed a response, arguing that unresolved issues of fact remained because she did not commit any crimes. Campbell relied on and attached the disciplinary order, wherein the supreme court found that Riggs committed professional misconduct and suspended him from the practice of law for three years. The referee found that Riggs failed to satisfy the mortgage on the Miami property while acting as closing agent. Riggs transferred and commingled funds between multiple accounts and paid personal expenses from his trust accounts. The referee did not find that Campbell was responsible for the missing funds. Riggs handled the

2

refinancing of Campbell's home approximately one month after the closing on the Miami property. Riggs did not file an incident report with the police until two months after the Bar filed the disciplinary complaint and over eighteen months after the Miami closing funds disappeared. The referee concluded that Riggs failed to adequately supervise Campbell and failed to properly maintain his trust account.

The trial court entered final summary judgment in favor of Riggs, awarding him $84,071.04, treble damages of $33,581.88, and an equitable lien on real property owned by Campbell's relative.

The standard of review for summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* "[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party." *Holl v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966). "[O]nce there is a motion for summary judgment that is supported by affidavit or other factual showing, the burden shifts to the opposing party to show by appropriate means that genuine and material issues do remain to be tried." *Id.* "[T]he burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden." *Id.* at 43-44.

"[A] party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and obligates the trial court to draw every reasonable inference in favor of the non-moving party." *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995). A summary judgment proceeding is not a trial by affidavit or deposition. *McCauley v. E. S.S. Lines, Inc.*, 211 So. 2d 72, 74 (Fla. 4th DCA 1968). "Summary judgment may not be used as a substitute for trial. If the affidavits and other evidence raise any doubt as to any issue of material fact then a summary judgment may not be entered." *E. Qualcom Corp. v. Glob. Commerce Ctr. Ass'n*, 59 So. 3d 347, 350-51 (Fla. 4th DCA 2011) (citation omitted). *See also Dennis v. Kline*, 120 So. 3d 11, 20 (Fla. 4th DCA 2013) ("If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.") (citation omitted).

The trial court found that Riggs was entitled to summary judgment, apparently determining that Riggs proved Campbell had committed a theft of funds from Riggs's trust account. However, in order to prevail in a civil

3

theft action,

> the plaintiff must prove that the defendant (1) knowingly; (2) obtained or used, or endeavored to obtain or use, the plaintiff's property; (3) with felonious intent; (4) to deprive plaintiff of its right to or a benefit from the property or appropriate the property to the defendant's own use or to the use of a person not entitled to the use of the property.

*Hawthorne v. Lyons*, 192 So. 3d 1279, 1280 (Fla. 1st DCA 2016) (citation omitted).  *See also* § 812.014(1), Fla. Stat. (2006).  "[B]efore summary judgment can be granted, a plaintiff must prove by undisputed clear and convincing evidence the elements of civil theft." *Orozco v. McCormick 105, LLC*, 276 So. 3d 932, 935 (Fla. 3d DCA 2019).  "Summary judgment would be inappropriate in a civil theft action because of the necessity of finding intent, which should normally be resolved by the finder of fact." *Am. Int'l Realty, Inc. v. Se. First Nat'l Bank of Miami*, 468 So. 2d 383, 384 n.5 (Fla. 3d DCA 1985).

We find the trial court erred in granting summary judgment because material issues of fact exist including, but not limited to, whether Campbell stole funds from the trust account, whether Campbell acted with felonious intent, and whether Campbell forged checks and a wire transfer. Riggs's chart of transactions that were allegedly forged is not clear and convincing evidence that Campbell committed a theft.  Riggs's affidavit that Campbell forged checks did not rebut the presumption of the validity of the checks.  *See* §§ 673.3081(1), 673.1041, Fla. Stat. (2006).  The disciplinary opinion did not determine that Campbell was responsible for the missing funds.  In fact, the refinancing of Campbell's home occurred over a month after the closing on the Miami property.  The majority of the allegedly stolen funds were withdrawn after the Miami closing.  Further, Riggs did not file a police report until nearly two years after the Miami closing.  Additionally, Riggs did not disprove Campbell's affirmative defenses or show they were legally insufficient. *See Alejandre v. Deutsche Bank Trust Co. Ams.*, 44 So. 3d 1288, 1289 (Fla. 4th DCA 2010) (citation omitted).[1]

---

[1] Although we reverse and remand for further proceedings, we nevertheless address the remaining issue to offer guidance to the trial court.  Campbell argues that the trial court granted relief not pled because it imposed an equitable lien on real property in her relative's name.  Contrary to Campbell's contention, the second amended complaint requested an equitable lien on the relative's property. Campbell also claims a violation of her relative's due process rights.  We find Campbell lacks standing to raise this claim because she does not have an interest

In summary, because material issues of facts remain in dispute, we reverse the final summary judgment and remand for further proceedings.

*Reversed and remanded for further proceedings.*

MAY and ARTAU, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

---

in the property on which the lien was imposed. *Centerstate Bank Cent. Fla., N.A. v. Krause*, 87 So. 3d 25, 28 (Fla. 5th DCA 2012).